Ryan v. Varga and The B. and M. R. R. Co.

RYAN v. VARGA AND THE B. & M. R. R. Co.

1. **Taxation:** IN AID OF RAILROAD: VALIDITY OF TAX. After township trustees have passed upon the sufficiency of a petition presented to them, calling for an election to decide the question of levying a tax in aid of the construction of a railroad, and the election has been ordered, and the tax voted and levied, the validity of such tax cannot be assailed on the ground that the petition was not signed by one-third of the resident tax payers.

2. —— The trustees having jurisdiction to determine that question, their decision cannot be collaterally assailed, but like any other judicial determination remains conclusive until reversed or set aside by writ of error, certiorari, or other direct proceeding provided by law.

3. —— The question here decided is essentially different from that arising in cases where a city council is authorized to order the pavement of a street or sidewalk upon the petition of a certain proportion of the property holders.

*Appeal from Decatur District Court.*

THURSDAY, SEPTEMBER 18.

ON the 17th day of September, 1872, J. S. Ryan and seventy others, whose names are set out in full, filed their petition stating their cause of action substantially, as follows: Plain-

tiffs are tax payers of Center township, in said Decatur county ; the defendant Varga is the treasurer of said county, and the other defendant is a railroad corporation.   That on August 30, 1870, at a special election therefor, in said township, a tax of five per cent was voted to aid the Chillicothe, Leon & Des Moines Railroad, and the tax was duly levied in September, 1870.   That on July 25, 1871, a petition was presented to the trustees of said township, asking a special election on a tax of five per cent to aid the Chariton Branch of The B. & M. R. R. ; that the election was ordered, and held on the 25th day of August, 1871, and thereat said tax was voted ; that on the day before said election, August 24, the board of managers of the C. L. & D. M. Railroad Company, in order to aid the B. & M. R. R., released the tax voted in their aid, and such release was a fraud on plaintiffs.   That the petition for said last vote was not signed by one-third of the resident tax payers of said township ; that the town of Leon, duly incorporated, is within Center township, and one-half the signers to said petition lived within said town.   That said tax was not legally levied as will appear by copy of the levy attached which shows among other taxes levied for Center township, " Railroad five per cent."   That as an inducement to vote the tax it was understood that the railroad was to be built and the cars running to Leon by July 1, 1872, whereas it was not completed until August 20, 1872 ; that it was also agreed·as a further inducement, with certain parties who gave notes in aid of said railroad, that said notes should be credited a certain pro rata, if said tax was voted.   Plaintiffs asked a writ of injunction ; that it be made perpetual and the tax stricken from the books.

The defendants appeared and moved to strike from the petition all the parties except Ryan, or one to be selected by plaintiffs : Because petition shows they have no joint interest ; there is a misjoinder of parties, and each owns separate property liable to the tax and they cannot join.   This motion was sustained ; plaintiffs excepted.   The defendants then demurred to the petition because it did not state facts sufficient to constitute a cause of action, and stated facts which avoid the cause of

action, and also specified in detail wherein.　They are noticed in the opinion.　The demurrer was sustained and the plaintiffs appeal.

*J. W. Penny* for the appellants.

*Stuart Bros.* for the appellees.

COLE, J. — I. We neither discuss or decide the question respecting parties, because our ruling upon the demurrer disposes of the entire case.　As to a kindred question relating to parties, see the discussion in the case of *Fleming* v. *Mershon*, 36 Iowa, 414; 7 West. Jur. 309, *et seq.*

II. It is averred that the petition for the election to vote the tax was not signed by one-third of the resident tax payers of the township, as the law requires.　This is followed by the averment that the incorporated town of Leon is situated within Center township, and that half the signers to the petition resided in said town.　Our statute (ch. 102, Acts 1870) authorizes " any township, incorporated town or city to aid," etc.　Whenever the aid is proposed by a township any resident tax payer therein may petition for, and any legal voter therein may vote at the election to determine the question of aid, even if such petitioner or voter also resides within any incorporated town or city embraced within the limits of such township.　Often in law, as always in mathematics, the greater includes the less.　If, therefore, it was intended only to aver that the petition was insufficient because signed by residents of the town, the averment would show the petition sufficient.

But if, in fact, the petition was not signed by one-third of the resident tax payers of the township, nevertheless, we hold that after the trustees have decided that it was signed by the required one-third and have ordered the election which has been held, the aid voted and tax levied pursuant to it, the validity of such tax cannot be assailed on the ground that the petition was not signed by the requisite number of tax payers. That fact can be re-examined and again decided only upon an

appeal, writ of error, *certiorari*, or other method provided for a direct review of the decision made by the trustees. The decision of that question by the trustees is judicial; and since the statute gives them express and undoubted jurisdiction to determine it, their judgment becomes, like every other judicial determination, conclusive until reversed or set aside by a direct proceeding in the manner provided by law. It cannot be assailed indirectly or collaterally, as is sought to be done in this case.

The petition for the vote stands in substantially the same relation to the subsequent proceedings as an original notice or summons does to the proceedings which it inaugurates. If it is defective in fact, but is adjuged sufficient by the tribunal having jurisdiction to decide upon it, such adjudication becomes conclusive until reversed or set aside upon an appeal, writ of error, *certiorari*, or the like. This has been, in effect, so ruled by this court. *Cooper* v. *Sunderland*, 3 Iowa, 114; *Morrow* v. *Weed*, 4 id. 77; *Dishon* v. *Smith*, 10 id. 212, and many other cases, besides numerous authorities in other States, some of which are cited by counsel for appellee.

The question here is essentially different from that arising in cases where a city council is authorized to order the pavement of a street or sidewalk upon the petition of a third, half or two-thirds, or other proportion of the property-holders. There, only the existence and presentation *in fact* of *such a petition* gives the council jurisdiction to proceed, and becomes the only basis of their action. Here the bare *presentation of a petition* confers upon the trustees jurisdiction to determine its sufficiency, and all other matters dependent thereon. In the one case, *the fact* gives jurisdiction; in the other, *the petition* gives jurisdiction. In either case, whenever jurisdiction attaches, the adjudications following are conclusive against collateral attacks, and may only be assailed directly in the manner provided by law.

The exhibit shows that the tax was duly levied; and there is no such averment of facts as constitutes vitiating fraud.

Affirmed.