SEARS ET AL. v. THE IOWA MIDLAND R. Co. ET AL.

1. **Taxation**: FARM PROPERTY WITHIN CITY LIMITS. Farming lands, situated within the limits of a city, are liable for a tax voted to aid in the construction of a railroad. Such a tax is not a municipal tax within the meaning of that phrase as used in *Morford v. Unger*, 8 Iowa, 82, and cases following it.

2. ———: ———. The municipal taxes from which farm property is exempt are limited to those which are required for purposes strictly municipal and from which such property derives no benefit.

*Appeal from Jackson Circuit Court.*

FRIDAY, SEPTEMBER 25.

THIS is a suit in equity to enjoin the collection of a tax of five per cent., voted by the people of the City of Maquoketa, in aid of the Iowa Midland Railway Company. The injunction is asked upon the grounds that the plaintiffs' real estate, upon which the tax is levied, although within the city limits, consists wholly of farming lands, not liable to taxation for city purposes; and further, that plaintiffs' ancestor, David Sears, by suit in equity against the city and its treasurer, obtained a perpetual injunction in September, 1866, against the levy of taxes by the city upon said real estate for municipal purposes. To the petition of plaintiffs the defendants demurred because it did not state facts sufficient. The demurrer was overruled. The defendants appeal.

*E. S. Bailey*, for appellants.

*Ellis & Spence*, for appellees.

COLE, J.—The plaintiffs make no question respecting the regularity of the vote for the tax or its levy, nor as to its legal validity; but they simply claim an exemption from it, for their property, because the same consists of farming lands, and is, therefore, both by the law and express adjudication, not liable for municipal taxes, under the rule of *Morford v. Unger*, 8 Iowa, 82, and other cases following it, and cited in *Durant v. Kauffman*, 34 Iowa, 194. Is the tax in controversy a city or municipal tax within the meaning of that phrase as used in our former decisions? If not, then the claim of plaintiffs for exemption from it is without foundation.

The law authorizing cities and townships to vote aid, in the way of taxes, to railroads, does not confer any new power

**1. TAXATION: farm property within city limits.** upon either; it simply makes the officers of the city or township the agents or instrumentalities of the law whereby the people of the several cities and townships may express their will respecting the taxation of their property for the purpose proposed. The law authorizes the people of a township to vote the tax, as well as the people of a city, and, if it shall so happen, as it often does, that a township contains a city within it, and also territory outside of the city limits, and a vote shall be taken by the township, and a tax levied pursuant to it, shall the owners of property outside the city limits be exempted from paying the tax, because it is not liable to taxation for city purposes? Surely not. See *Ryan et al. v. Varga et al.*, 37 Iowa, 78. And if such property is not exempt in such a case, *a fortiori*, these plaintiffs' property ought not to be exempt, for, in the case supposed, the city has no power in any event to tax the property, and in a case like the plaintiffs' it has power to tax for some purposes.

The municipal taxes from which farm property is exempt, although included within the city limits, are those taxes which

**2. —— : ——.** are essential for municipal purposes, and which, but for those purposes, would not have to be levied—such as taxes to support the police of the city, its necessary lights, water, sewerage, fire department, local government, and the like. But where the city is constituted a road or school dis-

trict, the farm property within its limits is liable to taxation by the city to the same extent as any other property. This was so adjudged in *Fulton v. The City of Davenport*, 17 Iowa, 404. The tax in aid of a railroad is more in the nature of a road tax, than of any tax for purely city purposes. It is a tax which can, under the statute, be as effectually levied outside of a city as within it. How can it, then, be properly called or classed as a city tax? The object to which the tax is appropriated is proportionately as beneficial to the plaintiffs as to any owner of property within the city. The very ground, therefore, upon which farm property is exempted from city taxes, to-wit, that it derives no benefit therefrom, is wanting in plaintiffs' case. Where the reason for a law or decision ends, there its application ceases.

REVERSED.