BROOKS ET AL. v. POLK COUNTY.

1. **Taxation:** FOR MUNICIPAL PURPOSES: FARM PROPERTY. Whether or not farm property situated within the limits of a city or town is subject to taxation for municipal purposes is a question which must be determined upon the peculiar facts in each case. Upon the facts of the present case it was held that certain farm property in the city of Des Moines was incidentally enhanced in value by the improvement of the streets of the city, and was properly taxed for city purposes.

*Appeal from Polk Circuit Court.*

FRIDAY, DECEMBER 5.

THIS is an action to recover certain taxes alleged to have been illegally assessed upon a tract of land in the city of Des Moines. The said taxes were for municipal purposes, and it is alleged that the said real estate was farm property, and that it was in no wise benefitted by being within the incorporated limits of the city, and was not, therefore, liable to taxation for city purposes. The plaintiffs paid the taxes to the county treasurer, and now seek to recover the amount thereof from the county. There was a trial to the court and a judgment for the defendant. Plaintiffs appeal.

*Holmes & Nottingham*, for appellant.

*L. G. Bannister*, for appellee.

ROTHROCK, J.—I.  The land upon which the tax in contro-
versy was levied and paid consists of about one hundred and
twenty-one acres, and is situated in the eastern
part of the city.  There are no buildings upon it.
It is enclosed with fences, and has been used
exclusively for agricultural purposes.  It is bounded on the
west by Stewart's Addition to the city, which is subdivided
into blocks and lots, and some four or five of the streets run-
ning east and west through this addition at their east ends
abut against the land in question.  The land on the south of
that belonging to plaintiffs is laid off into lots.  There is a
cemetery which, from an examination of the map of the city,
seems to have been taken in a square from the west part of
plaintiffs' land.  As is usual in cases of this character, there
is a conflict in the evidence, and it is a difficult question, even
with the aid of a map, to determine whether this land should
be held to be taxable within the rules established by this court
in a number of cases.  Indeed, adjudicated cases aid but little
in the determination of questions of this character, where no
two cases can be found precisely similar in their facts.  As is
said in *Fulton v. The City of Davenport*, 17 Iowa, 404,
"difficult as the task will be, it is apparent that every such
case will have to be determined upon its own peculiar circum-
stances, without regard to any definite or fixed rule, and hence,
doubtless, the decision in some instances will appear quite
arbitrary, and perhaps unsatisfactory."

In that case the court adopted the following rule:  "When
the proprietors of undedicated town property, being locally
within the corporate limits, hold such close proximity to the
settled and improved parts of the town that the corporate
authorities cannot open and improve its streets and alleys, and
extend to the inhabitants thereof its usual police regulations
and advantages, without incidentally benefiting such proprie-
tors in their personal privileges and accommodations, or in

*1. TAXATION: for municipal purposes: farm prop-erty.*

the enhancement of their property, then the power to tax the same arises     *     *     *     *  ."

We.think the court below did not err in holding .that the land of the plaintiffs was taxable for city purposes within the above rule.  It appears that some of the streets in Stewart's Addition, which have their terminii upon the west line of plaintiffs' land, have been worked and improved by the city to some extent.  Many of the lots in Stewart's Addition have been improved by the erection of dwelling houses thereon. Some of these buildings are situated quite near the plaintiffs' land.  From twenty to thirty families reside within two blocks of the west line.  There is a church, and one of the city school houses, within two blocks.  The eastern part of the city has doubled its population in the last eight years, and Stewart's Addition, as one of the witnesses expresses it, "has had its portion of improvements."  It also appears from the evidence that one of the plaintiffs at one time stated that he intended to divide the land into lots just as soon as he could get "big enough figures for it."  These facts, and others disclosed in the evidence, lead us to the conclusion that the city cannot improve its streets leading to the plaintiffs' property without incidentally enhancing its value as city property, and that the growth of the city in that direction will produce the same result.

II.   A question is made by defendant as to whether it is liable in any event for municipal taxes illegally levied and collected by its treasurer, and by him paid over to the city authorities.  This question we need not determine, as we have found that the land was subject to taxation.  Upon this subject see *Butler v. The Board of Supervisors*, 46 Iowa, 326.

AFFIRMED.