Slack et al. v. Blackburn et al.

REVERSED.

---

SLACK ET AL. v. BLACKBURN ET AL.

1. **Tax in Aid of Railroad:** SIGNATURES TO PETITION FOR: FINDING BY TOWNSHIP TRUSTEES: PRESUMPTION: JURISDICTION: COLLATERAL ATTACK. Where a petition was presented to the township trustees, asking them to submit to the electors of the township the question of voting a tax in aid of a railroad, under chapter 123, Acts of the Sixteenth General Assembly, and the trustees found and determined that the petition was "signed by *one-half* of the resident free-hold tax-payers of said township," and caused such finding to be entered of record in their proceedings, *held* (1) that such finding must be taken as true, and that it excludes the presumption that they found that it was signed by a

*majority* of such tax-payers, as the statute requires, in order to give them jurisdiction to submit the question of the tax; (2) that a tax voted pursuant to such submission was absolutely void; and (3) that the want of jurisdiction could be shown in an action by injunction to restrain the collection of the tax. *Ryan v. Varga*, 37 Iowa, 78, distinguished.

### Appeal from Lee District Court.

### THURSDAY, SEPTEMBER 18.

PLAINTIFFS are property owners and tax-payers in Madison township, Lee county. Defendant, Blackburn, is county treasurer, and the object of this action is to restrain the collection of a tax voted in aid of the Fort Madison & Northwestern Railway Company. The relief asked by the plaintiffs was granted, and the defendants appeal.

*Casey & Casey* and *Van Valkenburg & Hamilton*, for appellants.

*Miller & Son* and *Craig, Collier & Craig*, for appellees.

SEEVERS, J.—The validity of the tax is assailed on several grounds, one of which is that the petition asking the submission of the tax to the voters was not signed by a majority of the resident free-hold tax-payers of the township, as required by chapter 123 of the Acts of the Sixteenth General Assembly, under which the tax was voted.

To this the appellants respond that, as the trustees submitted such question to the voters, they must have determined that the petition was signed by the requisite number of free holders, and that their determination is final and conclusive in a collateral proceeding, such as this is. *Ryan v. Varga*, 37 Iowa, 78.

Conceding the foregoing proposition, the contention of the appellees is that the proceedings and judgments of all courts, whether of general or limited jurisdiction, are void, if it affirmatively appears that jurisdiction did not attach. *Seely v. Reid*, 3 G. Greene, 374; *Gaylord v. Scarff*, 6 Iowa, 179;

*Walker v. Kynett*, 32 Id., 524; *Hamilton v. Millhouse*, 46 Id., 74

Without in any respect calling in question the correctness of the decision in either case, we desire to call attention to *The State v. Berry*, 12 Iowa, 58, and add the query whether there is or is not a conflict between it and *Ryan v. Varga*.

The latter case was determined on demurrer to the petition. The present case is submitted on the evidence, and therefrom we must determine whether the trustees had the power and jurisdiction to submit the question of taxation to the voters.

When the petition was presented, the trustees, in performance of the duty incumbent on them, found and determined that it was "signed by one-half of the resident free-hold tax-payers of said township," and caused such finding to be entered of record in their proceedings. In the notice for the election, signed by the trustees, it is stated: "And whereas a petition signed by one-half of the resident free-hold tax-payers of Madison township, Lee county," etc. In making their finding, and causing the same to be entered of record, the trustees use the identical language employed in the statute, except that they do not find that the petition was signed by a majority of the free-holders. The trustees must have had the statute before them at the time their finding was made. What reason is there for assuming that they found that the petition was signed by a majority, when they state that it was signed by one-half? The presumption should be indulged that the trustees found the fact to be as they caused their determination to be entered of record. It cannot be presumed that they made their finding contrary to the fact. Nor should the fact that they caused the election to be held be conclusive, in the face of the finding entered of record by the trustees that the petition was signed by a majority of the freeholders. We think rather that it should be presumed that the trustees exceeded their authority in submitting the question of taxation to the voters.

It seems to us, when it is lawfully essential to do any given

thing that a majority should concur in doing it, that a finding that one-half concurred therein excludes the supposition that any greater number did so. Especially is this so as to courts of limited jurisdiction. Their jurisdiction should not be extended by implication, when to do so contradicts an affirmative record made by such court.

Under the facts found by the trustees, they did not have the jurisdiction and power to lawfully submit the question of taxation to the voters, and therefore all the subsequent proceedings in relation thereto are absolutely void. The judgment of the district court is

AFFIRMED.

BECK, J., took no part in the decision of this case.