AT

COUNCIL BLUFFS, MARCH TERM, A. D. 1886,

IN THE THIRTY-NINTH YEAR OF THE STATE.

---

PRESENT:

HON. AUSTIN ADAMS, CHIEF JUSTICE.
" WILLIAM H. SEEVERS,
" JOSEPH R. REED,
" JAMES H. ROTHROCK,       } JUDGES.
" JOSEPH M. BECK.

---

WINZER v. THE CITY OF BURLINGTON.

68  279
97  294
68  279
e109 158
68  279
110  472
68  279
d114  28

1. **Taxation**: EXEMPTION OF AGRICULTURAL LANDS IN CITIES: APPLICATION OF STATUTES. Although a tract of land of 13.42 acres, used for agricultural purposes, was annexed to the defendant city at a time when the statute ($ 4, chap. 47, Laws of 1876) did not exempt agricultural tracts of less than twenty acres from taxation for city purposes, *held* that chap. 169, Laws of 1878, amending said section so as to exempt all such tracts of more than ten acres, applied to land already included within the city limits, and that thereafter said tract was exempt from taxation by the city.

2. ———: ———: WHAT ARE AGRICULTURAL LANDS. A tract of land containing 13.42· acres, not platted into smaller lots nor divided by

city streets, and not held for speculative purposes, but occupied by the owner, (who does business in the city,) one acre of which is used by the owner for his residence, out-buildings and barn, and the remainder is used for cultivation and pasture,—is an agricultural tract, within the meaning of § 4, chap. 47, Laws of 1876, as amended by chap. 169, Laws of 1878, and, though lying within the city limits, is not taxable for city purposes. *Brooks v. Polk County*, 52 Iowa, 460, distinguished.

3. **Taxes:** PAYMENT UNDER PROTEST: RECOVERY. While there is a conflict of authority upon the question whether a payment under protest is voluntary or compulsory, ( see opinion for authorities *pro* and *con.*, ) the better rule is that, where a tax is not merely informal and irregular, but is illegal and void as being levied on property not liable to taxation, and the owner of the property makes a payment under protest, he may recover it back.

*Appeal from Des Moines District Court.*

WEDNESDAY, MARCH 17.

THE plaintiff is the owner of certain real estate in the city of Burlington, which he claims is exempt from municipal taxes. The city levied taxes upon the property for several years. After paying the taxes for three years under protest, the plaintiff commenced this action to restrain the collection of taxes for subsequent years, and for the recovery of taxes previously paid. There was a trial to the court, which resulted in a decree declaring the taxes to be illegal, and a judgment against the defendant for the taxes paid under protest. The defendant appeals.

*John J. Seerley*, for appellant.

*S. L. Glasgow*, for appellee.

ROTHROCK, J.—I. The tract of land owned by the plaintiff contains 13.42 acres. It is not laid off into lots, nor subdivided by streets and alleys. It is one entire tract. Plaintiff purchased the land in 1879, and it was then unimproved. He erected a dwelling-house and out-buildings, which, with the lawn used in connection therewith, occupy one acre.

Two and a half acres are used for raising grain and vegetables, and the remaining nine acres are used as a pasture. The property fronts west on the Fort Madison road, which leads from the south into the city. This road is all the means of travel from the land to the city, and it is from 1,500 to 2,000 feet to the first street north of plaintiff's property running east and west, and the nearest street on the east is nearly half a mile distant. There is a tract of eighteen acres adjoining on the north, and between plaintiff's land and the city. On the east there is a forty-acre tract, with one house on it. On the south is a tract of seventeen acres. All of these adjoining lands are used for pasture meadow and the cultivation of crops. They are not subdivided by streets and alleys. The land owned by the plaintiff was formerly outside of the city limits, and was annexed to the city on the thirty-first day of July, 1876, by an extension of the city limits. The highway known as the "Fort Madison Road" was laid off and traveled many years before the date of the annexation of the property to the city, and since that time the city has done nothing in the way of improving the highway adjoining plaintiff's property. The city assessed the property for taxation, and levied taxes thereon for special and general municipal purposes, and ordered the same collected for each year from 1879 to 1883, inclusive. The plaintiff paid the taxes for the first three years under protest, and refused to make further payment. The land was advertised for sale for the unpaid taxes of 1882, and this action was brought to restrain the sale, and to recover the taxes paid.

The first question to be determined is, was the plaintiff's land subject to taxation for city purposes? The foregoing statement of facts is not in dispute. The city claims the right of taxation under the authority of *Brooks v. Polk Co.*, 52 Iowa, 460, and *Tubbessing v. City of Burlington*, post, p. 691.

1. TAXATION: exemption of agricultural lands: application of statutes.

The plaintiff insists that the cited cases have no application to the case at bar, because, by section 4 of chapter 47

of the Acts of the Sixteenth General Assembly, as amended by chapter 169 of the Acts of the Seventeenth General Assembly, the plaintiff's land under the facts shown in evidence, was exempt from city taxes. That section, as amended, is as follows: "No lands included within said extended limits, which shall not have been laid off into lots of ten acres or less, or which shall not subsequently be divided into parcels of ten acres or less, by the extension of streets or alleys, and which shall also in good faith be occupied and used for agricultural or horticultural purposes, shall be taxable for any city purpose, except that they may be subjected to a road tax, to the same extent as though they were outside of the city limits, which said tax shall be paid into the city treasury. * * *" The orignal act excluded tracts of land of twenty acres under the same conditions and limitations as above recited. It is contended by counsel for the city that, as the land in question was annexed to the city before the statute was amended, the right to exercise the taxing power could not be abridged by subsequent legislation. This position does not appear to us to be tenable. Municipal corporations are created by the law-making power, and are subject to the control of the legislature. They can have no vested right to tax rural and farming property for city purposes; and if any such right was obtained, it was perfectly competent for the legislature to take it away. It was one step towards the settlement of the many vexatious questions which arise from the authority given to the cities and towns to extend their limits so as to include farm property.

The remaining question to be determined upon this branch of the case is, has the plaintiff, since his purchase and occupancy of the land, used it in good faith for agricultural or horticultural purposes? We are clearly of the opinion that he has. It is true that he erected a residence upon the land, which with the lawn, barn, etc., occupy about one acre, and it appears that he is a merchant doing business in the city. But the fact

2. ——: ——:
what are agricultural lands.

that he has a residence upon the land does not destroy its character as rural and farm property. The body of his land is used strictly for the purposes enumerated in the statute. It is not held for speculative purposes, nor does it appear that it is at all adapted to subdivision into lots.

The case of *Brooks v. Polk Co.*, *supra*, was determined without reference to the statute above cited. For some reason counsel in that case did not rely upon the statute. It is possible that the taxes paid which were sought to be recovered back were levied before that statute went into effect.

II. It is claimed that the court erred in rendering judgment for the plaintiff for the taxes paid by him. The facts under which these payments were made were as follows:

3. TAXES: payment under protest : recovery.

The plaintiff disputed the validity of the city taxes upon his land. He was told by the treasurer that if the taxes were not paid he would proceed to sell the property. The payments were made in each year just before the tax became delinquent under the law. The treasurer indorsed upon the receipts these words: "City taxes paid under protest." There is a conflict of authority upon the question whether a payment under protest is voluntary or compulsory. See *Brumagim v. Tillinghast*, 18 Cal., 265; *Benson v. Monroe*, 7 Cush., 131; *First National Bank of Americus v. The Mayor, etc.*, 68 Ga., 119. These and other cases hold that there must be actual or threatened exercise of power by the party exacting or receiving the payment, from which the other party "has no other means of immediate relief than by advancing the money." On the other hand, it has been held that "taxes illegally assessed and paid may always be recovered back if the collector understands from the payee that the taxes are regarded as illegal, and that suit will be instituted to compel the refunding of them." *Erskine v. Van Arsdale*, 15 Wall., 75; and see *Baker v. City of Cincinnati*, 11 Ohio St., 537, and *Taylor v. Board of Health*, 31 Pa. St., 73.

We think that where a tax is not merely informal and irregular, but is illegal and void as being levied upon prop-

erty not liable to taxation, and the owner of the property makes payment under protest, the better rule is that he may recover it back. Such seems to be the policy of our law. Code, § 870. It is true that the statute cited is applicable to the taxes paid to a county treasurer, and the board of supervisors are required to order the refunding of the money. In the case at bar the treasurer was the mere agent or collector of the city. The tax was paid over to the proper city officer, and a demand was made of the city for the refunding of the money before the suit was brought. The defendant ought not be allowed to retain it.

In our opinion, the judgment and decree of the district court is correct, and should be

AFFIRMED.