PERKINS v. THE CITY OF BURLINGTON.

1.  **Taxation**: OF UNPLATTED LANDS IN CITY LIMITS.  A tract of eighteen acres, owned by the plaintiff in the defendant city, occupied by plaintiff as his homestead, with the intention of so occupying it indefinitely, and not subdivided by streets or alleys, but surrounded on all sides by land which is platted for city purposes, and having all the benefits of light, water, streets, street railroads and fire protection common to that portion of the city, is subject to taxation for city purposes.  (*Fulton v. City of Davenport*, 17 Iowa, 404, and *Brooks v. Polk County*, 52 Iowa, 460, *followed.*)

2.  ———— : ————: CHAPTER 47, LAWS OF 1876 : INTERPRETATION.  In chapter 47, Laws of 1876, authorizing cities and towns to enlarge their limits in the manner therein prescribed, the language used in section four, to the effect that " no lands included in said extended limits which shall not have been laid off into lots of twenty acres, or less  *  *  *  shall be taxable for any city purpose," etc., refers only to lands taken in by the extension, and were not designed to affect the taxation of lands lying within the former limits.

*Appeal from Des Moines District Court.*—Hon. Charles H. Phelps, Judge.

Filed, May 20, 1889.

The plaintiff is the owner of eighteen acres of land within the corporate limits of the city of Burlington. In the year 1886 the city authorities assessed said land for taxation, and levied taxes thereon for city purposes. The plaintiff brought this action in equity, to enjoin the city and its treasurer from the collection of said taxes, upon the ground that said land was not subject to city taxes. The cause was submitted to the court upon an agreed statement of facts, and there was a decree dismissing the petition. Plaintiff appeals.

*J. W. Blythe*, for appellant.

*J. J. Seerley*, for appellee.

Rothrock, J.—I. The land upon which the taxes were levied constitutes the plaintiff's homestead, and it lies within the boundaries of the city, as defined by an act of the general assembly of this state, approved February 14, 1851.

1. Taxation: of unplatted lands in city limits.

No city taxes were levied upon the land until the year 1886. The location and purposes for which the premises have been used are set forth in the agreed statement of facts, as follows: "The aforesaid tract of land is not, and has never been, divided into lots, nor intersected by streets or alleys, but has been used and occupied in one entire tract by the plaintiff as his homestead. About three-quarters of an acre is occupied by the house and a portion of the lawn of the plaintiff; about an acre is occupied by barns and out-buildings and stable-yard, and a small portion is occupied by a house, for the accommodation and residence of the plaintiff's servant, engaged in the care of his domestic animals and other matters about his residence, and from which no rent is

now, or ever has been, derived, except as the same has been included in the compensation of the servant for his labor. The remainder of the tract of land is occupied by garden, orchard, and wooded pasture-land, The tract is situated more than one mile from the business center, and a large part thereof is not suitable for sub-division into lots." *Second.* "It is further agreed that the above-described tract of land is not held for specu-lative purposes, nor with the intention of dividing the same into lots, but that it is, and for many years has been, occupied by the plaintiff and his family as their homestead and residence, and used in good faith, in the manner and for the purposes above set out, and for no other purpose, and with the intention of so continuing." A plat of the land, and that part of the city adjacent to it, is exhibited with and made a part of the agreed statement of facts, from which it appears that the land adjoining plaintiff's, on all sides, is laid out in lots and streets and alleys. There are streets on three sides, and an alley on the other side. An electric light is main-tained by the city at the intersection of the streets, at one corner of the land, and the city also lights at public expense a line of gas-lamps upon one of the streets to plaintiff's house. The city water-works extend to plaintiff's residence, and there is a public hydrant in front of his house. A fire station is maintained by the city near the land. Street cars run on two sides, and one block from the land. The city works, and has in reasonably good condition, all the streets surrounding the property; and there is a public school building about two blocks distant. From these facts it would seem that, under the authority of *Fulton v. City of Davenport,* 17 Iowa, 404, and *Brooks v. Polk County,* 52 Iowa, 460, the plaintiff's land is subject to taxation for city pur-poses. The plaintiff appears to have all the benefits of light, water, streets, railroads and fire stations, which are common to that part of the city which surrounds his land.

II. We have stated that the plaintiff's land is within the boundaries of the city as established in the

2. ———: ———:
chapter 47,
Laws of 1876:
interpreta-
tion.

year 1851. By chapter 47 of the Laws of 1876, cities and incorporated towns were authorized to enlarge their limits in the manner therein provided. The enlargement was to be effected by a vote of the electors of the city or town, upon a proposition to be submitted by the city or town counsel. Section 4 of the act, as amended by chapter 169, Acts of Seventeenth General Assembly, is as follows : "No lands included within said extended limits, which shall not have been laid off into lots of twenty acres or less, or which shall not subsequently be divided into parcels of twenty acres or less, by the extension of streets or alleys, and which shall also in good faith be occupied and used for agricultural or horticultural purposes, shall be taxable for any city or town purpose, except that they may be subjected to a road tax, to the same extent as though they were outside of the city or town limits, which said tax shall be paid into the city treasury; provided, that the provision of this act shall not apply to cities organized under special charter." The city availed itself of this act, and extended its limits in the year 1876.

It is contended by counsel for appellant that all lands lying within the limits of the city as now defined, if not divided into lots of twenty acres or less, and which have been used in good faith for agricultural or horticultural purposes, are exempt from taxation for city purposes. On the other hand, counsel for appellee claims that such exemption applies only to lands brought within the city by the added territory. The question turns upon the meaning intended by the words, "lands included in said extended limits." We think, taking the whole act together, including its title and considering its object, that the lands referred to mean lands added to the city. The law was enacted for the purpose of enabling cities and towns to enlarge their boundaries. It was no part of its object to limit city taxation in cities as they then existed. It enabled cities, by a vote of the people, to extend their limits and include within the boundaries agricultural lands without the consent of the

owners thereof; and it was, no doubt, quite apparent that some means should be provided to protect farming lands from city taxation. There was no demand for protection to the owners of land already within the boundaries of cities. It is true that "within said extended limits" might, in a certain sense, mean within the whole of the territory in the city. But, when considered in connection with the other sections of the statute, it appears to us plain that "said extended limits" was intended to mean the land included in the addition made to the boundaries of the city. It is contended that the legislature must have intended the exemption to apply to all the land in the city as extended, for otherwise there would be one rule of taxation for lands in the extension, and another for the lands within the original limits. We do not think that we should be controlled by this consideration. It appears plain to us that it was not intended to disturb the taxing power over lands already within the city.

AFFIRMED.