F. A. HUDDLESTUN, Appellee, v. CITY OF WEBSTER CITY et al., Appellants.

MUNICIPAL CORPORATIONS: Taxation—Agricultural Lands—Electric Light System. Lands within city limits, occupied and used in good faith for agricultural purposes, and not divided into parcels of 10 acres or less, are exempted, under Section 616, Code Supp., 1913, from all city taxes except for road purposes, and cannot be taxed for electric lighting purposes, under Section 894, Subdiv. 6, Code Supp., 1913.

*Appeal from Hamilton District Court.*—E. M. McCALL, Judge.

MARCH 14, 1919.

SUIT in equity to enjoin the collection of a municipal tax levied upon the agricultural lands of the plaintiff. There was a decree as prayed, and the defendant appeals. —*Affirmed.*

*J. W. Lee* and *J. E. Burnstedt,* for appellant.

*D. C. Chase,* for appellee.

EVANS, J.—The plaintiff occupies a farm of 232 acres, adjoining the city of Webster City. Some years ago, the city limits were extended so as to include 115 acres of such farm. The area so included, however, has never been segregated from the rest of the farm in any manner, and the use of the entire farm for agricultural purposes has been continuous for many years. The city authorities of Webster City included the 115 acres within the taxing district for electric light purposes, under the provisions of Subdivision 6 of Section 894 of the Code; and the tax for electric light purposes was accordingly levied thereon.

The plaintiff predicates his right to an injunction against the levy and collection of such tax upon Section 616 of the Code, which is as follows:

"No lands included within said extended limits which shall not have been laid off into lots of ten acres or less, or which shall not subsequently be divided into parcels of ten acres or less by the extension of streets and alleys, and which shall also in good faith be occupied and used for agricultural or horticultural purposes, shall be taxable for any city or town purpose, except that they may be subjected to a road tax," etc.

On its face, the foregoing section seems to fully and unequivocally cover the case. The argument for appellants is that Section 616 applies only to those cases where city taxation is imposed without corresponding benefits. The argument is, also, that the plaintiff, by his close proximity

to the electric light system of the city, is greatly benefited thereby, both directly and indirectly, and that he is actually connected with the electric light system of the· city, and receives the benefit of reduced rates common to all patrons. The argument is not without its force; but it should be addressed to the legislature, and not to us. We must take the statute as it is. It is true that it was ·enacted many years ago, and that later developments and modern conditions may call loudly for its amendment;. but we cannot amend it. We see no conflict as between this section of the statute and Subdivision 6 of Section 894. The provision of the latter section that the city council may form a taxing district empowers it to eliminate from the burden of the tax all *city property* which is not so situated as to get the benefit of the electric light system. Section 616 was under our consideration in the recent case of *LaGrange v. Skiff*, 171 Iowa 143. In the case before us, there is no room for dispute as to the good faith of the use of the lands in question for agricultural purpose, and that only. The finding of the district court is, therefore,—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.