F. W. McKINNEY, Appellant, v. D. B. McCLURE, County Treasurer, Appellee.

June 26, 1928.

*Graham & Osborn,* for appellant.

*Wilson & Harris* and *W. E. S. Hutcheon,* for appellee.

Morling, J.—The suit is prosecuted in the interest of numerous owners of tracts similarly situated, all of which, for the sake of brevity and convenience, will be spoken of as plaintiff's lands. These lands are within the corporate limits of the city of Jefferson, but have not been laid off into lots of 10 acres or less, nor have they been divided into parcels of 10 acres or less by the extension of streets and alleys. They are in good faith occupied and used for agricultural or horticultural purposes.

The abstract and amendment do not show the particulars of the street improvements, or of the bond issues on account thereof for which the tax in controversy was levied. From the abstracts and statements and assumptions of counsel in argument we gather that a district for the paving of streets constituting main traveled ways into and out of the city was so established as to include all of the territory within the corporate boundaries. It is stipulated "that the special street improvement bond fund is a levy of not more nor less in any one year than 10 mills, for the purpose of paying the principal and interest upon a $65,000 bond issue sold by the city of Jefferson, Iowa, for the purpose of

paying deficiencies in paving against all the property of the city of Jefferson, Iowa, where deficiencies occurred, and including the payment of deficiencies upon a part of the real estate'' in controversy, arising in part from reductions on appeals taken from the assessments thereon. It is stipulated ''that all the property involved herein shall be considered alike in the fact of the use of said $64,000 [$65,000?] * * * '' so that plaintiff ''can't raise the question that the incumbent was not benefited by it.'' It is stipulated that the bond issue of $64,000 was ''for paving deficiencies, under the provisions of Code Section 840-o of the Code Supplement of 1915, as amended by Chapter 138 of the Acts of the Thirty-ninth General Assembly, and that there remains unpaid the sum of $58,000 under said bond issue.'' One of the bonds attached to the stipulation recites its issuance pursuant to the acts just referred to, and that it is ''payable exclusively from the proceeds of a sufficient continuing annual tax which has been duly levied on all the taxable property within said city and is pledged solely for the payment of principal and interest of said series of bonds. * * * '' The street improvement fund is thereby pledged for and directed to be used only for the payment of principal and interest of the bonds. The auditor was instructed, for the years 1922 to 1928, inclusive, to levy the tax ''upon all the taxable property in the corporate limits of said city of Jefferson * * * and when collected to be used for the purpose of paying principal and interest on such bonds.''

The tax then levied was 5.54 mills, but no question is raised that the 10-mill levy is authorized by the statutory amendment above cited.

Plaintiff's contention is that the tax is for city or town purposes, and that, under Section 6210, Codes of 1924 and 1927, his lands, because agricultural, within the definition of that statute, are not taxable therefor. Defendant seeks to justify the tax under Section 6043. These sections read as follows:

''6210. No land included within the limits of any city or town which shall not have been laid off into lots of ten acres or less, or which shall not subsequently be divided into parcels of ten acres or less by the extension of streets and alleys, and which shall also in good faith be occupied and used for agricultural or horticultural purposes, shall be taxable for any city or town purpose, except that said lands and all personal prop-

erty necessary to the use and cultivation of said agricultural or horticultural lands shall be liable to taxation for city and town road purposes, at not exceeding five mills, and for library purposes.''

''6043. When part of the cost of constructing or repairing a roadway within an assessment district is to be paid by the city, it may levy an annual tax for such purpose upon all the taxable property in such city, except moneys and credits, but the aggregate of all such levies shall not exceed ten mills; except that in cities having a population of fifty thousand or more, such levies shall not exceed fifteen mills in the aggregate.''

It will be noticed that by Section 6210 no land of the character of that under consideration ''shall be taxable for any city or town purpose, except * * * town road purposes, at not exceeding 5 mills, and for library purposes.''

It will be seen further that, by Section 6043, ''when part of the cost of constructing or repairing a roadway within an assessment district is to be paid by the city, it may levy an annual tax * * * upon all the taxable property in such city, except moneys and credits,'' not exceeding 10 mills.

These sections in their present form were enacted in two code revision bills of the fortieth extra general assembly. Under familiar rules of construction, they are to be construed as being *in pari materia,* and harmonized, if possible. Section 6210 is a general enactment, the purpose of which is to exempt such lands as those in question from taxation for ''city or town purposes.'' The reason for the enactment undoubtedly was that such property ''derives no benefits from being within the city limits.'' See *Durant v. Kauffman,* 34 Iowa 194. Such is the purpose of the general enactment, which is couched in comprehensive terms. Section 6043 is, however, a specific enactment, and forms a part of a statute enabling cities ''to establish districts, the boundaries of which may be changed as may be just and equitable, for the improvement or repair, by paving or graveling, of such streets within the corporation as in the judgment of the council constitute main traveled ways into and out of such cities.''. Section 5975. To make such improvements, plat and schedule must be prepared, proposed resolution of necessity adopted, time for hearing set, and notice given, after which construction may be ordered. Sections 5991 to 5999. The cost may be, as it evi-

dently was in this case, assessed in whole or in part upon private property. Deficiencies may be paid out of the general fund or the improvement fund. Section 6011 *et seq.* The district method of assessment may be used, as seems to have been done in the present case.

By the specific terms of Section 6043, when part of the cost is to be paid by the city, the city may levy an annual tax therefor "upon all the taxable property in such city, except moneys and credits." The property in controversy is in the city. Taxable property is property that may be taxed,—property which is not exempt from taxation. Its exemption from taxation for "any city or town purpose" does not take it out of the classification or designation of "taxable property," any more than exception of moneys and credits from liability to taxation under Section 6043 would take that class of property out of the general connotation of "taxable property.". Section 6043 includes one exception: "moneys and credits." *"Inclusio unius est exclusio alterius."* The language is clear that the tax may be levied "upon all taxable property in such city except moneys and credits." The words in Section 6210 "any city or town purpose" are general. The legislature by the use of the plain language of Section 6043 must be held to have intended the provision thereby made as an exception to general language of existing law. If the general terms of Section 6210 would otherwise include the particular tax in question, then, in accordance with general rules of statutory construction, effect must be given to the specific provision of Section 6043 as an exception to the general terms of Section 6210. *Crane v. Reeder,* 22 Mich. 322, 334; *Rodgers v. United States,* 185 U. S. 83.

The purpose of statutory construction is to ascertain the intent of the legislature. Intention may be ascertained by historical investigation, when settled, and definite legislative policy from a series of enactments is thereby developed. Before there was any legislation in this state on the subject, it was held that lands within the limits of a city, but used for agricultural purposes only, and deriving no benefit from municipal expenditures, were not subject to taxation for municipal purposes. *Durant v. Kauffman,* 34 Iowa 194; *Wertz v. City of Ottumwa,* 201 Iowa 947; *Sears v. Iowa Midland R. Co.,* 39 Iowa 417. By Chapter 47, Acts of the Sixteenth General Assembly (1876), cities and

towns were authorized to enlarge their limits. That act provided that "no lands included within said extended limits which shall not have been laid off into lots of 20 acres or less, or which shall not subsequently be divided into parcels of 20 acres or less, by the extension of streets or alleys, and which shall also in good faith be occupied and used for agricultural or horticultural purposes, shall be taxable for any city purpose," except that they might be taxed for roads, as though outside of the corporate limits. This enactment was carried into Section 616, Code of 1897. See *Perkins v. City of Burlington,* 77 Iowa 553. By Section 890, Code of 1897:

"All property subject to taxation in any city or town which by law is not subject to taxation for general municipal purposes * * * shall nevertheless be liable to taxation for road purposes, as may be provided by the council, * * * but it shall not be liable for any other city tax."

In this condition of the law, Sections 840-h to 840-r, Supplemental Supplement, 1915, were enacted. By these sections cities having a population of 2,000 or more were given power to construct paved roadways along such highways within such cities as, in the judgment of the city councils, constitute main traveled ways into and out of such cities. They were given power to establish paving districts and to assess so much of the cost "against all lots or tracts of land contained in the paving district within which such improvements are made, as shall equal and be in proportion to the special benefits conferred by said improvement and not in excess thereof," and not exceeding 25 per centum of actual value. By Section 840-o the city was given power to "levy upon all taxable property excepting moneys and credits" the cost not borne by the special assessments, not exceeding in the aggregate 10 mills, nor one mill for any one year. The enactment of these sections enabled such cities to establish a paving district to include the entire city, and to assess a part of the cost "against all lots or tracts of land contained" therein, in proportion to special benefits, and not exceeding 25 per centum of actual value.

The paving district might not be as large territorially as the city. Whether it was or not, there would be other taxable property therein than lots or tracts of land. Section 840-o em-

powered the city "to levy upon all taxable property excepting moneys and credits in said city contained, an annual tax for the purpose of paying" balances of cost above the amount realized from the special assessments. This language is plain; and, while the previously existing statutes, Sections 616 and 890, might be resorted to for the purpose of ascertaining the intention, if there were ambiguity, they could not be resorted to for the purpose of creating ambiguity or uncertainty. *Hamilton v. Rathbone,* 175 U. S. 414. By Section 840-p of the act, the city was empowered to anticipate the collection of taxes by the issuance of bonds. By force of the amendment by Chapter 138, Acts of the Thirty-ninth General Assembly (1921), a 10-mill tax was authorized. Pursuant to this authority, the city of Jefferson did levy the deficiency "upon all the taxable property in such city excepting moneys and credits," did anticipate the tax, and issue the bonds in question accordingly. Not only the bondholders were interested in this, but the owner of each item of taxable property in the city (other than moneys and credits) became interested in the enforcement of the tax against every other item of such property. It is not to be presumed that the legislature in the codification of these various statutes into the Code revision acts now found in Sections 5975, 6012, 6042, 6043, 6210, Code of 1924, and allied sections, was either unconscious of or inattentive to the existing law under which taxes had been levied and anticipated, bonds issued, and rights of bondholders and taxpayers acquired, or that the legislature intended to disturb such rights or to unsettle or change settled legislative policy. *Huddlestun v. City of Webster City,* 185 Iowa 706, relied upon by plaintiff, is not in point.

Without prolonging the discussion, it is sufficient to say that the court is of the opinion that the 10-mill levy on plaintiff's lands here under review is valid, and must be sustained.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.