THE DIST. TOWNSHIP OF WEST BEND ET AL. v. BROWN.

1. **Practice:** JURISDICTION: TAXATION. Where a party owning land in several district townships was allowed certain exemptions by reason of planting forest trees, and the board of supervisors ordered the amount exempted to be apportioned throughout the townships according to the assessed valuation of the land, it was *held* that injunction was not the proper remedy to prevent the apportionment, and that the action of the board could be reviewed only upon appeal or by *certiorari*.

*Appeal from Palo Alto District Court.*

THURSDAY, OCTOBER 18.

ONE W. S. Adamson is the owner of a large quantity of land in the school district township of Freedom, in Palo Alto county. He also owns lands in the district townships of West Bend, Nevada, Fern Valley, Emmetsburg, and Vernon. In 1874 Adamson was allowed $20,000 exemption from taxation on account of fifty acres of forest trees planted and cultivated in Freedom township. In 1875 he was allowed $6,300 exemption from taxation on account of sixty-three acres of forest trees, planted and cultivated in the same township.

At the June session of the board of supervisors of said county an order was made directing the defendant, the treasurer of the county, to distribute the exemption of said Adamson for the years 1874 and 1875 throughout the said several townships, in proportion to the assessed valuation of his real estate in said several townships.

The defendant was about to proceed to make such distribution, and a controversy having arisen between the parties an agreed statement of facts was entered into between the said

several district townships as one party and the treasurer as the other party, and submitted to the court below. The said townships claimed that the exemption from taxation could not be legally distributed among all of the townships, but that it could only be deducted from the assessment of the real estate in the township where the land planted to trees was situated. It was asked that the treasurer be enjoined from making such distribution.

The court rendered a decree directing that the state and county taxes be distributed throughout the several townships in the county where said Adamson owns real property, in proportion to the amount of the valuation of said property in the several townships; and, so far as the exemption relates to township taxes, the treasurer was enjoined from making any distribution thereof. The treasurer appeals.

*George B. McCarty*, for appellant.

*T. W. Harrison*, for appellee.

ROTHROCK, J.—I. The assessed value of the land owned by Adamson in Freedom township, in 1874, was $13,800. The

1. PRACTICE: jurisdiction: taxation.

amount exempted from taxation was $20,000. The exemption could not be greater than one-half of the assessed value, unless it could be distributed as the order of the board contemplated. Code, Sec. 799; Chapter 45, Acts of 1874.

The effect of the decree of the court below is that the exemption cannot all be made upon the Freedom township assessment, for it would exempt all of the land owned by Adamson in that township.

In our opinion his rights cannot be determined by this proceeding, and this order of the board of supervisors cannot be reviewed by injunction. Injunction is not the proper remedy, even if the proper parties were before the court. The law constitutes the board of supervisors a special tribunal to equalize the taxes among the several townships, and for the determination of exemptions. It is not competent to ignore their action in the performance of their duties and institute original pro-

ceedings by injunction. If they err their action must be reviewed upon appeal, or by *certiorari*. *Macklot v. Davenport*, 17 Iowa, 379.

The decree will be reversed and cause remanded, with directions to dismiss the proceeding.

REVERSED.