# THE TRUSTEES OF GRISWOLD COLLEGE v. THE CITY OF DAVENPORT.

## PARKER v. THE SAME.

1. **Constitutional Law**: TAXATION: DUE PROCESS OF LAW: RIGHT TO NOTICE AND HEARING: RULE APPLIED. Property taken for the non-payment of taxes is not taken without due process of law, if the tax-payer is afforded an opportunity to be heard in relation to the tax, though it be only before the officers clothed with the power to assess, and not before the courts. Whether or not the property-owner is entitled to notice and a right to be heard in all cases is not decided, (but see *Gatch v. City of Des Moines*, 63 Iowa, 718,) but *held* that a statute or ordinance which provides for an assessment *according to benefits,* so that, in making the assessment, an opinion is to be formed and discretion exercised by the assessors, but which fails to provide for notice to property-owners, and an opportunity for them to be heard, is unconstitutional, and that the collection of a tax assessed and levied under such statute or ordinance should be enjoined. Compare *Auer v. City of Dubuque, post.*

| | |
|---|---|
| 65 | 633 |
| 86 | 291 |
| 65 | 633 |
| 103 | 576 |
| 65 | 633 |
| 111 | 157 |
| 65 | 633 |
| o117 | 655 |
| 65 | 633 |
| 118 | 35 |
| 65 | 633 |
| 121 | 491 |
| 122 | 96 |
| 65 | 633 |
| f132 | 591 |
| 65 | 633 |
| 187 | 113 |

*Appeal from Scott District Court.*

WEDNESDAY, APRIL 8.

ON REHEARING.

THESE actions were brought to enjoin the collection of a sewer tax levied without notice upon adjacent property as a special assessment. There was a decree for the plaintiffs, and the city appeals.

*Bills & Block*, for appellant.

*Putnam & Rogers*, for appellees.

ADAMS, J.—In an opinion filed at the January term, 1884,[*] the court held that these cases should be affirmed; following *Gatch v. City of Des Moines*, 63 Iowa, 718. The cases, however, differed in some respects from that, and, because they differed, and also because some of the members

---

[*] This opinion, containing no argument, and stating no principles, but only referring to *Gatch v. City of Des Moines* for the grounds of the decision, is not published.

of the court came to entertain a doubt in regard to the correctness of the ruling in *Gatch v. City of Des Moines*, it was deemed advisable to grant a rehearing. Upon a re-examination, we have to say that we reach the same result, but the ground upon which we reach it is such that it is unnecessary either to overrule or approve *Gatch v. Des Moines*. In that case it was held in general to be essential to the validity of an assessment for public improvements that the property owner should have notice of the intended assessment, and an opportunity to be heard in respect to it, and that a statute allowing such assessments, without notice and without opportunity to be heard, is unconstitutional. The theory of the opinion is that, where property is taken for the non-payment of a special tax levied without notice, and without opportunity in any form to be heard upon it, the property is taken without due process of law. For the purposes of the opinion in the cases before us, it is not necessary to state the rule so broadly.

The parties are agreed that property cannot be taken without due process of law, but they differ upon the question as to what constitutes *due process of law* in respect to the levy and collection of taxes. It is not contended, of course, by any one that property cannot be taken for the non-payment of a tax without giving the property owner an opportunity to be heard in court. In some cases, where the right to life, liberty or property is drawn in question, such opportunity is necessary, and if life, liberty or property were taken otherwise, it would not be taken by *due process of law*. But the courts are not necessary for taxation. Their methods are too cumbersome and expensive. It seems to be agreed, therefore, that property taken for the non-payment of taxes is not taken without due process of law, if the tax-payer is afforded an opportunity to be heard in relation to the tax, though it be only before the officers clothed with power to assess. The rule in respect to due process of law, stated in a general way, is said to be this: that every one is entitled to the protection

of "those fundamental principles of liberty and justice which lie at the basis of all our civil and political institutions." But the plaintiffs, having been afforded no opportunity to be heard, contend that they would be deprived of the guaranteed protection if the assessment in question should be upheld, and their property should be taken under it. While not admitting that property can properly be taken under a special assessment in any case, without notice to the property owner of the intended assessment, they contend that it clearly cannot in some cases, and especially where the assessment is made under a law or ordinance which provides for an assessment *according to benefits*, or where substantially the same principle is involved.

In a case where, in making the assessment, no opinion is to be formed nor discretion exercised, it is manifest that there would be less ground for contending that a notice is necessary. In such case a hearing is less important to the property owner. But the plaintiffs contend that in the cases before us there is not only a question of benefits, but of comparative benefits. Their position in this respect is based upon the provision of the ordinance under which the sewer was constructed and the assessment made. The provision is expressed in these words: "Provided, that the council shall have the power to order that a part of the cost of the construction of any particular sewer shall be paid out of the general revenue of the city." We think that under this provision (assuming that the provision did not have the effect to nullify the ordinance, about which there may be some doubt) the council was charged with the duty of determining whether any part of the cost of constructing the sewer should be paid out of the general revenue, and if so, what part. Upon what basis such determination should be made the ordinance does not show, but no one would contend that it should be done arbitrarily. It follows, then, that it should be done in the exercise of judgment and discretion.

The only justification for any special assessment is the

special benefit supposed to be received from the improvement. But the special benefit differs in different cases, and so also does the benefit enjoyed by the public. There may be other considerations which should influence a city council in determining what part of the cost of a sewer, if any, should be paid out of the general revenue, but the one suggested could not, we think, properly be overlooked; nor is it easy to conceive of any consideration, whatever others there might be, which would not address itself to the judgment and discretion of the council. The principle involved, then, it appears to us, differs in no essential respect from that found in many cases where the cost of an improvement is to be apportioned among the property owners according to benefits. The cases before us, then, fall, we think, within the rule of those cases, and we have to say that we think that they hold that a right to a notice and an opportunity to be heard is a constitutional right, where such apportionment is to be made. Among the cases so holding are the following: *Boorman v. City of Santa Barbara*, 65 Cal., 313; *Hagar v. Reclamation Dist.*, 111 U. S., 701; *State v. Newark*, 25 N. J. Law, (Dutch.,) 399; *Campbell v. Dwiggins*, 83 Ind., 473.

Under the view which we now take, our decision does not depend wholly upon *Gatch v. City of Des Moines*. It is not necessary, therefore, to notice the special matters wherein the appellant claims that the present case differs from that. We adhere to our conclusion formerly reached, and the judgment must be

AFFIRMED.