## DITTOE v. THE CITY OF DAVENPORT.

1. **Cities and Towns** : SEWER TAX : REGULARITY OF PROCEEDINGS. While neither the resolution of the city council ordering the sewer in question, nor the one which assessed the tax therefor, in terms fixed the dimensions of the sewer, nor named the gross amount to be paid therefor, nor the amount of tax to be assessed against each tract of land and the owner thereof, yet, since the street through which the sewer was to be constructed, and the terminal points, were named, and the resolution assessing the tax ordered that it be assessed and levied on each lot, part of lot, or tract of ground, in the sum and to the amount shown by the plat of the city engineer, which plat showed the amount to be assessed to each square foot, the number of square feet in each tract of ground, and the total assessment to each tract of ground subject to be assessed for the sewer, *held* that this was sufficient to render the tax valid.

Dittoe v. The City of Davenport.

2. ——— : ——— : VALIDITY : NOTICE TO TAXPAYER. Where it appears that notice to a taxpayer of the intended assessment and levy of a sewer tax would have been without advantage to him, such want of notice cannot avail as a defense against the collection of the tax.

3. ——— : ——— : IRREGULARITIES : RIGHT OF ACTION TO COLLECT. Where a sewer has been constructed, and a tax therefor levied upon adjacent property, the city may recover such tax by action under sections 478, 479, of the Code, notwithstanding formal irregularities and defects in the proceedings, which do not affect the real merits of the case. ( Compare *City of Chariton v. Holliday*, 60 Iowa, 395 ; *City of Burlington v. Quick*, 47 Iowa, 228.)

4. ——— : ——— : COLLECTION BY WRONG REMEDY : RECOVERY. One who, under protest, pays a sewer tax which he legally owes the city, cannot recover the same from the city on the ground that the remedy used to collect it was not the legal one. ( *Winzer v. City of Burlington*, 68 Iowa, 279, *distinguished.*)

5. ——— : ——— : METHOD OF RECOVERY. Sections 478 and 479 of the Code provide a remedy for recovering taxes due a city for the construction of a sewer, which may be adopted at any time after the tax is due,—even after a suit has been brought by the taxpayer to recover such tax paid under protest.

6. ——— : ——— : LIMIT OF TWO MILLS ON THE DOLLAR PER YEAR. A sewer tax levied on the real estate fronting on the street on which it is constructed is not invalid because it exceeds two mills on the dollar, and is to be collected in one year, as that limitation of the statute applies only where the city is divided into sewer districts, and where the tax is levied on the property in the district without regard to its location with respect to the sewer.

*Appeal from Scott District Court.*—HON. A. J. LEFFINGWELL, Judge.

FILED, MARCH 8, 1888.

THE plaintiff seeks to recover a tax alleged to have been paid by his assignor, under protest. The defendant filed an answer in six divisions, the last of which contained a counter-claim for the amount of the tax in controversy, made under sections 478 and 479 of the Code. Plaintiff demurred to the answer. The demurrer was sustained as to the first five divisions, and overruled as to the sixth. Both parties electing to stand on their pleadings, judgment was rendered in favor of

defendant for costs. Both parties appeal; the appeal of plaintiff being first perfected.

*Wm. D. Dittoe*, appellant, *pro se.*

*L. M. Fisher*, for appellee.

ROBINSON, J.—It appears from the facts admitted of record that the tax in controversy was levied under the provisions of an ordinance of defendant, passed by virtue of chapter fifty-four of the Acts of the Sixteenth General Assembly, for the construction of a sewer. The sewer was ordered and constructed during 1878, and the tax in question assessed by resolution adopted November 6 of that year. The plaintiff's assignor, one Dessaint, owned the tract of land on which this tax was assessed, and paid the same, under protest, on the twenty-eighth day of February, 1879. Before payment, the city collector had demanded payment of him, and the land had been advertised for sale, but not sold.

I.   It is claimed by plaintiff that the tax was illegal for the reason that the resolution of the city council assessing it did not definitely describe the sewer, nor fix the gross amount of the cost of the same, nor the amount per square foot to be assessed against the adjacent property, or against Dessaint or his property. It is true that neither the resolutions ordering the sewer, nor the one which assessed the tax, in terms fixed the dimensions of the sewer, nor named the gross amount to be paid therefor, nor the amount of tax to be assessed against each tract of land and the owner thereof. But the street through which the sewer was to be constructed and the terminal points were named. The resolution assessing the tax ordered that it be assessed and levied on each lot, part of lot, or tract of ground, in the sum and to the amount shown by the plat of the city engineer. It is admitted that this plat showed the amount to be assessed to each square foot, the number of square feet in each tract of ground, and the total assessment to each tract of ground subject to be assessed for the sewer.

1. CITIES and towns : sewer tax : regularity of proceedings.

The resolution of the council in effect adopted so much of the plat of the engineer as it referred to, and thereby furnished means of obtaining precise knowledge of the tax assessed to each tract and individual, and the total cost of the sewer. We think this was sufficient for all practical purposes. It is admitted that the amounts so assessed were the proper ones, and that they were duly carried out on the tax-book of the city. We do not think the tax was rendered invalid by the alleged omissions.

II. The most serious objection urged against the tax is that no notice of its assessment and levy were

2. ——:——:    given to Dessaint, and that he had no
validity:      opportunity to be heard in regard to it.
notice to
taxpayer.      The provisions of the ordinance in regard to
assessing the tax seem to have been the same as those considered in *Griswald College v. City of Davenport*, 65 Iowa, 635. But our views of this case are such that it is not necessary to determine as to this objection. It cannot be questioned that defendant had the right to construct the sewer at the cost of the owners of the real property fronting on the street through which it was made. To enforce the payment of such cost, it was given a choice of remedies. Ch. 54, and sec. 3, ch. 116, Acts 16th Gen. Assem. The demurrer admits that the sewer was constructed; that its cost was assessed to each tract of ground subject to assessment for the same, according to the number of square feet it contained; that such taxes were duly entered upon the proper tax-books as special taxes for the construction of the sewer; that the amount paid by Dessaint was regularly entered in the proper tax-book against the land owned by him, in accordance with law and the ordinances of the city; and that the amount so paid was the proper portion of said property of the total cost of the sewer. Other allegations are admitted which tend to show that a notice of the intended assessment and levy would have been without advantage to Dessaint. In view of these facts, it is evident that, if the tax was not valid, the invalidity resulted from a merely formal irregularity or

3. ——:——:
irregularities:
right of action
to colleot.

defect, which did not in any manner affect the real substantial merits of the case. Hence it follows that a right of action, in favor of defendant, existed under sections 478 and 479 of the Code. *City of Chariton v. Holliday*, 60 Iowa, 395 ; *City of Burlington v. Quick*, 47 Iowa, 228. The money paid by Dessaint was legally due from him to the defendant, and satisfied a legal and subsisting demand. Even if it were true that defendant could not have sold the land under the proceedings instituted for the payment

4. ——:——:
collection by
wrong rem-
edy : recov-
ery.

of the tax, Dessaint was chargeable with notice of that fact, and of the further fact that the claim was a valid one which the city could enforce by proper proceedings. We do not think that the plaintiff is entitled to recover because the city erred in selecting the remedy for enforcing collection of his assignor. This case does not fall within the rule laid down in *Winzer v. City of Burlington*, 68 Iowa, 279.

III. It is urged by plaintiff that defendant did not adopt the provisions of sections 478 and 479 of the Code

5. ——:——:
method of
recovery.

until after this suit was commenced, and it seems to be the thought and claim of plaintiff that no right could accrue under these sections until after their adoption. We do not think the position of plaintiff in this regard is well taken. The right to recover the money depends upon doing the work in the manner and for the purposes authorized by law. Sections 478 and 479, referred to, provide a means of recovering the money, which may be adopted at any time.

IV. It is further objected that the tax was illegal because it was to be collected in one year, and exceeded

6. ——:——:
limit of two
mills on the
dollar per
year.

two mills on the dollar of the assessed value of the property on account of which it was levied. But the limitation of two mills on the dollar of assessed value, to which plaintiff refers, applies only where the city is divided into sewage districts, and where a sewage tax is levied upon the property within such a district. without regard to

its location, with respect to the sewer for which it is levied. In this case the cost of the sewer was assessed against the real estate fronting on the street where it was constructed.

V. The counter-claim of defendant shows that the amount it seeks to recover was the amount paid by Dessaint under the circumstances we have already considered. That payment satisfied the claim, and it is not necessary for us to further consider it, nor the objections made to its payment.

It follows, from what we have said, that the action of the court below in sustaining the demurrer as to the first four divisions of the answer, and overruling it as to the sixth, was erroneous. This case is, as to both appeals,

REVERSED.