86  291
a110  471
86  291
f130  274

86  291
140  453

P. V. NEWCOMB, Appellant, v. CITY OF DAVENPORT, Appellee.

Taxation: SEWER ASSESSMENT: IRREGULARITY: PAYMENT UNDER PRO-TEST: RECOVERY. An action will not lie for the recovery of money voluntarily paid, though under protest, upon a sewer assessment which is merely irregular, and because of which irregularity the collection thereof might have been enjoined.

*Appeal from Scott District Court.*—HON. ANDREW HOWAT, Judge.

THURSDAY, OCTOBER 13, 1892.

ACTION to recover for taxes paid to the defendant city for the construction of a sewer. There was a judgment for the defendant, and the plaintiff appeals.—*Affirmed.*

*Wm. T. Dittoe,* for appellant.

*E. M. Sharon,* for appellee.

GRANGER, J.—The plaintiff paid to the defendant city, under protest, the sum of six hundred and seventy-one dollars and forty-eight cents, under an assessment by the city for the construction of a sewer along the street on which the plaintiff owned abutting property, because of which the assessment was made. The sewer involved in this case is the same as that in *Trustees of Griswold College v. City of Davenport*, 65 Iowa, 633. In that case the assessment was held invalid because of a failure to give notice to the property owners, so as to enable them to be heard before the assessment was made. That was a proceeding to enjoin the collection of the tax, and, were this a like proceeding, a like judgment would, of course, result.

The case of *Dittoe v. City of Davenport*, 74 Iowa, 66, is, like this, one for the recovery of money paid on the assessment. In that case, as in this, there was an absence of notice, but, in view of the fact that it was an action to recover money that had been paid, and not to prevent the collection of the tax, as in the Griswold College case, it is held that, speaking of the tax, "the invalidity resulted from a mere formal irregularity or defect, which did not in any manner affect the substantial merits of the case;" and a recovery was denied. The point was presented in the Dittoe case by a demurrer to the answer, wherein the defendant, by way of counterclaim, sought a recovery of the tax under the provisions of sections 478 and 479 of the Code. In this case, the facts available by way of counterclaim are pleaded as a defense, and the cause was tried without the aid of a jury to the court, that found for the defendant.

It is said by the appellant that the holding in the Dittoe case is not applicable, because in that case the facts were admitted, showing that notice of the assessment would have been of advantage, while in this case the facts were controverted, or in fact show that notice would have been of advantage to the plaintiff. We do not think the record makes any conclusive showing that the notice, if given, would have been of advantage to the plaintiff. The most that can be said is that it is a question of fact to be found from the evidence. With such a condition of the evidence, if the fact that notice would have been of no advantage was necessary to support the judgment, we are to assume the fact as found. With this condition of the record, the case is not materially different from *Dittoe v. City of Davenport*, and that case is quite controlling. It will be seen that in the Dittoe case the absence of notice is treated, not as a fact rendering the assessment and levy void, but as an irregularity that might defeat

the processes prescribed for enforcing the collection of the tax. In this case the tax has been paid, but under protest. The plaintiff now assumes the burden of showing the necessary facts to justify a judgment for its return. To do so, she must show something more than a mere irregularity that might have defeated its collection. Mr. Dillon, in his work on Corporations [4. Ed.], section 940, says: "Actions against a municipal corporation to recover back money upon the ground of the *illegality of the tax or assessment* are, upon principle and the weight of authority, maintainable when, and in general only when, * * * the following requisites exist: *First.* The authority to levy the tax, or to levy it upon the property in question, must be *wholly wanting*, or the tax itself wholly unauthorized, in which case the assessment is not simply irregular, but absolutely void; * * * and, *third,* the payment by the plaintiff must have been made *upon compulsion,* as, for example, to prevent the immediate seizure of his goods, or the arrest of the person, *and not voluntarily.* Unless these conditions concur, *payment under protest* will not, without statutory aid, give a right to recovery." The italics are those of the author, and indicate something of the line between facts that render an assessment absolutely void and those that render it irregular. The text has abundant support in authorities cited.

In this case there is no co-existence of the requisites specified to justify a recovery. The authority to levy the tax, or to levy it on the property in question, is not wholly wanting, nor is the tax itself wholly unauthorized. On the contrary, the defendant city had authority to levy the tax on the property, and the tax itself was authorized. The improvement was one recognized and encouraged by the law, and the property is liable to such a tax. Again, the payment was merely under protest, and not involuntary, as the

law contemplates. *Preston v. City of Boston*, 12 Pick. 7. In that case the city collector demanded payment of the tax, and notified the plaintiff that it would become delinquent May 5, 1882, and that, if she did not pay it, the collection would be enforced against the lots, as the laws provided. She knew that such collection could not be enforced. She was not threatened with any immediate seizure of her property, but afterwards paid the tax. *City of Detroit v. Martin*, 34 Mich. 170, is a very similar case. The tax was illegal, as in this case, and the city attorney notified the plaintiff to pay within sixty days, or the property would be sold by the receiver of taxes to pay the assessment. Payment was afterwards made under protest, to prevent the threatened sale. In an action to recover the money the court says: "In this case the city claimed the money under a color of right. The assessment was illegal, and the city had no means of enforcing payment, or of seizing the person or property of plaintiff, or of selling his property and giving anyone a colorable title thereto. Knowing all these facts, the plaintiff voluntarily paid the money, and cannot now recover it back." See *Bucknall v. Story*, 46 Cal. 595; *De Baker v. Carillo*, 52 Cal. 473; *Rutledge v. Price Co.* 66 Wis. 35, 27 N. W. Rep. 819.

The judgment of the district court has full support in the authorities cited, and it is AFFIRMED.