Hawkeye Loan and Brokerage Company v. City of Marion, Appellant.

**Taxes:** · voluntary payment: *Payment by interloper.* One who pays an illegal tax on real estate, in which he has no interest, cannot recover the amount paid, on the ground of its illegality.

Recovery of taxes paid: *County and city officers.* Code 1873, section 899, providing that when, by mistake or wrongful act of the county treasurer, land has been sold on which no tax was due, the county shall hold the purchaser harmless; and section 901, providing that, whenever any tract is sold for taxes, which is not subject to taxation, or on which the taxes have been previously paid, the purchase money shall be refunded to the purchaser, apply to county officers, and do not authorize the maintenance by the holder of a tax certificate of an action to recover from a city an illegal assessment extended by the county auditor, and paid by the holder of the certificate to the county treasurer, and by the latter turned over to the city.

Same. Code 1873, section 870, providing that the board of supervisors shall direct the treasurer to refund to the taxpayer any tax illegally exacted or paid, does not authorize the maintenance of an action against a city to recover the amount of an illegal assessment paid to the county treasurer, and by him turned over to the city, since section 870 refers only to county officers.

When recoverable. An action against a municipal corporation to recover money paid for an assessment may be maintained only when the tax or assessment is void, and was paid by plaintiff under protest and to prevent the immediate seizure of his goods, or his arrest, and was actually received by the municipality.

Judgment on Pleadings. It is error to order judgment for plaintiff on the pleadings in an action against a city to recover the amount of a special assessment paid by a property owner, on the ground that the assessment was illegal, where there are no facts alleged in the complaint to show that the assessment was void, or that it was paid under protest.

*Appeal from Linn District Court.*—Hon. William G. Thompson, Judge.

Thursday, February 1, 1900.

Action at law to recover back an amount paid by plaintiff as a special assessment for a sidewalk laid in front of

property on which it held a treasurer's tax certificate. The defendant filed answer to the petition, and thereupon plaintiff moved for judgment in its favor on the pleadings as they then stood. The trial court sustained the motion, and ordered judgment for plaintiff as prayed. Defendant appeals. —*Reversed.*

*C. J. Haas* for appellant.

*John A. Reed* for appellee.

Deemer, J.—Assuming that the practice in this case is proper when the answer admits the material allegations of the petition and does not contain an affirmative defense, we have to inquire whether the record discloses such a state of facts. Plaintiff alleges that certain property in the city of Marion was sold for taxes for the year 1895; that it purchased the same, and that a certificate was issued to it therefor, and that it is still the owner of said certificate; that thereafter a special tax was levied against the property for sidewalk purposes; that the act of the auditor of Linn county in extending the special tax was without authority, in that no resolution was ever passed by the city council making an assessment or levy upon or against the property, and that no tax was ever in fact made or levied against the same as provided by the ordinances of the city, and that no notice was ever given the owner of the property ordering the building of sidewalk along the premises, and no demand was ever made upon it for the payment of the cost of the walk, and that no resolution was ever passed by the city council directing the city clerk to certify up the assessment; that plaintiff made application to the county treasurer of Linn county to pay the taxes assessed against the property for the year 1896, and that it paid the special tax without notice or knowledge of its invalidity; that thereafter, in an action brought by the owner of the property against plaintiff, said special tax was declared invalid, and plaintiff's lien was

declared null and void. Judgment was asked for the amount of taxes paid. Annexed to the petition is a copy of an ordinance of the city of Marion relating to the construction and repair of sidewalks. In an amendment to its petition, plaintiff alleged that the taxes were entered by the auditor at the request of the city officials, and were collected by the county treasurer for the benefit of the city; that the amount so collected has been turned over to the city, and accepted by it with full knowledge of the illegality of the assessment and levy. The defendant admits that the special tax was levied, and certified to the county auditor, and collected by the county officials, and admits that plaintiff paid the amount thereof, but says that it did so voluntarily, and without compulsion or protest; admits that it received the amount of the tax from the county treasurer, and still holds the same; admits that in an action against plaintiff the special assessment was declared illegal. It denies each and every other allegation in the petition, and further pleads that plaintiff made no demand on defendant for the amount of taxes it paid before the bringing of this action. It seems to us that there are four issues tendered by this answer: *First,* by general denial of the allegations of the petition; that plaintiff was and is the holder of a purchaser's certificate of tax sale; *second,* by general denial of the allegations; that plaintiff paid the special tax without knowledge of its invalidity; *third,* by affirmative defense; that plaintiff paid the taxes voluntarily; and *fourth,* by affirmative allegations; that plaintiff made no demand before bringing suit. Are any of these issues good, or are they all feigned or fictitious? Surely, if plaintiff was not the owner of the tax certificate, its payment of the special assessment was purely voluntary, and as a mere interloper it would have no right to recover the amount paid from the defendant. There is no implied obligation on defendant's part to repay to a stranger or interloper the amount of an illegal tax paid by him. The denial in the answer that plaintiff paid the tax without notice or

knowledge of the defects in the assessment and levy thereof raises the question as to plaintiff's right to recover taxes voluntarily paid. It seems to be well settled that taxes voluntarily paid cannot, in the absence of statute, be received back. *Lindsey v. Boone County,* 92 Iowa, 86; Cooley, Taxation, pp. 566, 567; *Lynde v. Inhabitants of Melrose,* 10 Allen, 49; *Newcomb v. City of Davenport,* 86 Iowa, 293; *Kraft v. City of Keokuk,* 14 Iowa, 86. Appellee contends, however, that sections 899 and 901 of the Code of 1873, which were in force at the time it made its payment, apply, and that it is entitled to recover the amount paid from the city. These sections refer to the duties and liabilities of the county and county treasurer, and not to cities or incorporated towns. If they do apply to cities, the facts are not such as to bring the case within the terms thereof. *Newcomb v. City of Davenport,* 86 Iowa, 293, holds that: "Actions against a municipal corporation to recover back money upon the ground of illegality of the tax or assessment are upon principle and the weight of authority maintainable when, and, in general, only when, the following requisites exist: (1) The authority to levy the tax, or to levy it upon the property in question, must be wholly wanting, or the tax itself must be wholly unauthorized, in which cases the assessment is not simply irregular but absolutely void. (2) The money sued for must have been actually received by the defendant corporation. (3) The payment by the plaintiff must have been made upon compulsion to prevent the immediate seizure of his goods or the arrest of the person, and not voluntary. Unless these conditions concur, paying under protest will not give a right of recovery." See, also *Dittoe v. City of Davenport,* 74 Iowa, 66. Section 870 of the Code of 1873 reads as follows: "The board of supervisors shall direct the treasurer to refund to the tax payer any tax or portion thereof found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon. In case any real estate subject

to taxation should be sold for the payment of such erroneous tax, interest or costs, the error or irregularity in the tax may be corrected at any time provided in this chapter." On this appellee relies. That it has reference to county officers, and to them alone, is clear; and that recovery thereunder must be from the county, and not from the municipality to which the tax is paid, is equally clear. See *Railroad Co. v. Lowry,* 51 Iowa 486; *Stone v. Woodbury County,* 51 Iowa, 522. In *Tallant v. City of Burlington,* 39 Iowa, 543, there was a city ordinance authorizing recovery from the city for illegal and erroneous taxes paid under protest, and the decision is bottomed on the provisions of this ordinance. The answer pleads that the owner of the property was to build the sidewalk; that he failed to do so, and that the city thereupon made the improvement, and assessed the cost thereof as a special tax against the property; and that the assessment and levy were properly certified to the county auditor, and entered upon the books in his office. But it also admits that by reason of technical errors the assessment was invalid. Under such a state of facts the owner can not recover the tax. *Ditloe v. City of Davenport, supra.* If it be conceded that plaintiff stands on a different footing, and may recover the amount of a special tax paid by it that was erroneously levied and assessed, it is certain that it cannot do so without showing that the tax was paid under protest. *Winzer v. City of Burlington,* 68 Iowa, 279. If the tax was wholly void because unauthorized, it may be that action would lie to recover it back, although not paid under protest; but in such case it may be that demand is necessary. See *Winzer's Case,* just cited. But, however this may be, there is nothing on the face of the pleadings to show that the tax in question was void, or that it was paid under protest. The court was in error in ordering judgment for plaintiff, and its act in so doing is REVERSED.

GRANGER, C. J., not sitting.