W. B. COLLINS, Appellant, v. THE CITY OF KEOKUK AND THEO. BODE, City Collector, Appellees.

1 **Taxation:** Equity will restrain the collection of a void tax.

**Assessment:** IRREGULARITY IN: EQUITY WILL NOT RESTRAIN. An
2 overassessment is an irregularity under Code, section 1399, and a suit in injunction will not lie to correct the error or enjoin the collection of the tax.

Same: APPLICATION TO BOARD OF EQUALIZATION. The proper remedy in such case is an application to the board of equalization to correct the error.

*Appeal from Lee District Court.*—Hon. Henry Bank, Judge.

Friday, October 10, 1902.

*W. B. & H. R. Collins* for appellant.

*W. K. McNamara* and *Hollingsworth & Blood* for appellees.

Weaver, J.—On September 18, 1900, the plaintiff, Collins, for himself and certain other persons similarly situated, began an action in equity, stating in his petition that he was the owner of certain property described in the tax books of the city; that the property was duly assessed by the city assessor, and that the city council, as a board of equalization, acting without authority of law, and without any complaint being entered, wrongfully increased such assessed value; that he had tendered to the city the full payment of all the taxes rightfully due upon said property, and therefore asked that the collection of said tax in excess of the amount tendered be enjoined. To this petition the defendant filed a general demurrer. Before the demurrer was ruled upon plaintiff amended his petition by adding thereto a count alleging that the taxes upon the property in question had been wrongfully levied upon the full assessed value thereof, instead of upon the taxable value thereof, which is but one-fourth of the assessment. Defendants demurred to the petition as amended, and the demurrer was overruled as to the first count or claim stated in the original petition, and sustained as to the second count or claim set up by the amendment. Defendant then answered to the first count, and

later, by stipulation of the parties, that branch of the controversy was dismissed, leaving only the plaintiff's claim for relief on account of the tax levy having been made upon the full assessed value of the property, instead of the alleged taxable value thereof. Thereafter the plaintiff further amended his petition, alleging that chapter 14, title 5 of the Code of Iowa, having reference to cities under special charter, is violative of section 30, article 3, of the constitution of Iowa, in that it is local and special legislation where general statutes might be made applicable; is not of general and uniform operation throughout the state, or in all the cities of the state; does not provide for an appeal from the action of the equalization board; does not provide uniform law or regulation in matters of taxation; and does not provide for notice to the property owner of the time when and the place where the equalization board will act upon assessments. A still further amendment was filed, alleging that chapter 14 of title 5 of the Code is in violation of section 1, article 1, and section 6, article 1, of the constitution of Iowa in that it abridges the privileges and immunities of the plaintiff, who is a citizen of the city, of the state, and of the United States, by authorizing the levy of taxes upon his property at its full value, while the property of other citizens outside of said city is taxed upon only one-fourth of such value. Defendants' demurrer to the petition as thus finally amended was sustained, and, plaintiff refusing to further plead, judgment was entered against him for costs.

As will be seen by the foregoing statement, the original claim upon which the action was based is no longer in the case, and we are left to inquire whether the amendments to the petition state a cause of action upon which the court would be justified in permanently enjoining the collection of the tax levied upon plaintiff's property. Appellant's argument is largely given to the question of the constitutionality of

1. VOID tax: equity will restrain.

chapter 14, title 5, of the Code, which makes provisions for the government of cities acting under special charters; but we think that the disposition of the appeal does not require us to enter upon that discussion, or to decide the important question which is thus sought to be raised. It will be conceded, no doubt, that plaintiff's property was subject to taxation, and as owner of such property he was under legal obligation to contribute some proportion of its value to the public revenue. To make that obligation legally enforceable, it was, of course, necessary that an assessment of the property should be made, and, in the absence of this or any other fact which is jurisdictional in the exercise of the power of taxation, the levy will be treated as void, and equity will interfere by injunction to restrain the tax. *Smith v. Osburn*, 53 Iowa, 474; *Powers v. Bowman*, 53 Iowa, 359; *Barber v. Farr*, 54 Iowa, 57; *Wangler v. Black Hawk*, 56 Iowa, 387. But in the case at bar there was an assessment made and returned by the proper officer. It is so alleged in the petition, and the only complaint made concerning the acts of that officer is that in finding and returning the actual value of the property he did not also make and return an additional statement of the taxable value, computed at one-fourth the actual value, on the theory that Code, section 1305, which governs the assessment of the property in the state generally, should be applied in making assessment for municipal purposes in cities under special charters. In other words, the substance of the complaint is not that the city was without any power to assess property and levy and collect taxes, for, if the statute of which complaint is made is unconstitutional and void, then the special charter under which the city exists remains unimpaired, and that charter expressly confers such authority, without which every branch of municipal power would be paralyzed. Assum-

2. IRREGULARITY in assessment: equity will not restrain.

ing, then, as we must, that the city had the power of taxation (whether such power be derived from the statute or from the charter), and that plaintiff's property was assessed and the levy made by the officers charged with that duty, the court is fully committed to the doctrine that injunction will not lie to correct the error or wrong of an excessive assessment. *Macklot v. City of Davenport*, 17 Iowa, 379; *Cedar Rapids & M. R. Co. v. Carroll County*, 41 Iowa, 153; *Litchfield v. Hamilton County*, 40 Iowa, 66; *Nugent v. Bates*, 51 Iowa, 77. Our statute provides, in reference to real estate, at least, that "no irregularity, error or omission in the assessment of such property shall

3. SAME: board of equalization must remedy.

affect in any manner the legality of the taxes levied thereon" Code, section 1399. That over assessment is an irregularity, which will not render a tax void, has been repeatedly held. See the above cases cited, and also *Missouri Val. & B. R'y. & Bridge Co. v. Harrison County*, 74 Iowa, 284, *Van Wagenen v. Supervisors*, 74 Iowa, 716; *Patterson v. Baumer*, 43 Iowa 482; *Conway v. Younkin*, 28 Iowa, 297; *West End Dist. Tp. v. Brown*, 47 Iowa 25; *Buell v. Schaale*, 39 Iowa, 293. In *Nugent v. Bates, supra*, we said: "The assessment may have been too much. If so, it was erroneous merely, and not void." In the *Missouri Valley Bridge Case* we followed the same rule, saying: "It may be conceded that the assessment was erroneous,—that is, the value of the bridge was fixed by the assessor at more than it should have been,—but this simply shows it to have been an overassessment, and in such case the remedy of the taxpayer is to apply for its correction to the board of equalization." This rule prevails also in other states. See exhaustive notes on this subject in *Holland v. Mayor*, (Md.) 69 Am. Dec. 198; *Odlin v. Woodruff*, (Fla.) 12 South. 227 (22 L. R. A. 699); *Williams v. County Court*, (W. Va.) 53 Am. Rep. 110. The charter of Keokuk makes the city council a board of equalization to hear complaints

and correct mistakes and inequalities in the assessment of property, and the remedy thus provided is exclusive. *Macklot v. City of Davenport, supra*; *Buell v. Scaale, supra*

It is urged that this remedy is inadequate, because there is no provision for an appeal, and plaintiff is thereby deprived of a constitutional right. There is no claim made, however, that plaintiff did not have timely notice of the assessment, or that he ever sought relief therefrom at the hands of the equalizing board; and he cannot proceed upon the assumption that such board would not have done justice in the matter, or that there would have been any occasion for the exercise of the right of appeal had such right been given. On the contrary, the presumption, if any, must be that any excess in the assessment of plaintiff's property would have been remitted by the board upon proper showing made. But we do not think it has ever been held that, because a right of appeal from the finding of an equalization board is not given by law, a tax levied upon such assessment is void. It is not necessary to due process of law that the property holder be given the power to have an assessment reviewed by the courts. *Stewart v. Polk County*, 30 Iowa, 9; *Trustees of Griswold College v. City of Davenport*, 65 Iowa, 633; *Allen v. Armstrong*, 16 Iowa, 508; *Ohio & M. R. v. Lawrence County*, 27 Ill. 50; *Ward v. Beale*, 91 Ky. 60 (14 S. W. Rep. 967); *Rhoads v. Cushman*, 45 Ind. 85; *Stewart v. Maple*, 70 Pa. 221; *Hyland v. Coal Co.*, 128 Ind. 335 (26 N. E. Rep. 672). As we have before noted, the grievance of which plaintiff complains does not go to the tax itself. So far as appears from the record, the levy was by the proper officers, for lawful purposes, and at lawful rates. If the assessor, in returning the value of plaintiff's property, or the board of review in confirming it, fixed the same at an excessive or disproportionate value, it is immaterial, for the purposes of this case, whether the error is one of judgment, or of gross incompetence, or obedience to a void statute; the

result is the same,—it is neither more nor less than an irreg-ularity in assessment, for the correction of which, as we have already shown, injunction will not be granted.

It is unnecessary to pursue the discussion farther. The constitutionality of the statute governing cities under special charter is not so involved in this appeal as to require us to pass upon it. It follows, from the conclusions above stated, that the judgment of the district court must be AFFIRMED.