First National Bank of Red Oak, Iowa, Appellee, v. E. G. Kelly, County Treasurer, Geo. B. McCarty, et al., Interveners, Appellants.

**Taxation:** REFUND: STATUTES. The provisions of the Code authorizing a refund of taxes illegally paid, and indemnifying purchasers at tax sales wrongfully made, apply only to actions against the county.

**Same:** SPECIAL ASSESSMENTS: PAYMENT: EFFECT. Payment to the county treasurer of special assessments levied for a municipal improvement reduces the liability of the city to the contractor to that extent, and renders the treasurer liable to the holder of certificates to that amount.

**Same:** RECOVERY BY CONTRACTOR: INTERVENTION BY TAXPAYER. Where special taxes assessed by a municipality for a public improvement have been paid to the county treasurer, thus reducing the obligation of the city to the contractor to cause valid assessments to be made, taxpayers cannot intervene in an action by the contractor or his assignee against the treasurer and defeat recovery of the amount so paid.

*Appeal from Palo Alto District Court.*—HON. D. F. COYLE, Judge.

SATURDAY, JANUARY 25, 1913.

THIS is a controversy over the validity of certain taxes levied in pursuance of special assessments for the construction of a sewer in the city of Emmetsburg. The taxes in question were paid under protest to the county treasurer. The plaintiff, as assignee of the contractor and as a holder of the sewer certificates, brought this action to recover from the country treasurer the taxes so paid, amounting to the sum total of $1,172. The taxpayers intervened. Each filed a separate petition and asked to recover the amount of taxes paid by him and then remaining in the hands of the treasurer. The action was at law and was tried to the court. The treasurer offered no defense. The trial court found for the plaintiff and awarded judgment accordingly. The interveners appeal.—*Affirmed.*

*McCarty & McCarty* and *Davidson & Burt,* for appellants.

*Carr, Carr & Evans* and *O. M. Brockett,* and *John Menzies,* for appellee.

PER CURIAM.—A number of questions are raised relating to the state of the record. We will deal first with the case upon its practical merits.

In 1903, the city council of Emmetsburg instituted certain proceedings under the statute for the construction of public sewers. A contract was entered into with Shepard & Hanrahan. The contract was substantially performed by the contractors, and the work was accepted by the city council. Special assessments were ordered and levied, and certificates were issued to the contractors in pursuance of the provisions of the statute. The plaintiff is the assignee of the contractors and holds whatever rights they had by virtue of such contract. In 1905 litigation was instituted by a large number of taxpayers against the city council and the contractors, wherein the taxpayers assailed the jurisdiction of the city council and the validity of the assessment of the special tax. This litigation was in the form of injunction proceedings brought by the taxpayers. In such proceeding the contention of the taxpayers was sustained, and it was held therein that certain irregularities shown in the proceedings of the city council defeated its jurisdiction, and that the taxes assessed were therefore void. *Bennett v. City of Emmetsburg*, 138 Iowa, 67. In pursuance of the decree in that case, the taxes were canceled as against the complaining plaintiffs therein.

In their petitions of intervention, the interveners pleaded the proceedings and decree in such former case as an adjudication. The interveners were not parties to that case. On the contrary, they had paid the taxes involved in this suit before such litigation was begun. It is manifest, therefore, that the decree in the prior litigation is not an adjudication in the ordinary sense, either for or against the interveners. They do not, in argument, contend for it as such. But they do contend that it is controlling as a precedent. They contend, also, that, inasmuch as the evidence in this case is the same as in the former, such former case becomes a precedent

both upon the law and the final finding of facts; in other
words, that the final result in the present case must neces-
sarily be the same as that in the former case.   It will be
noted that the interveners did not avail themselves of the
statutory remedy of appearing before the city council and
filing objections.   Neither did they, avail themselves of the
remedy by, injunction.   They simply paid the taxes under
an alleged protest, and now claim to recover it back.   They
paid the tax in November, 1905.

Their intervention in this suit in 1909 is their first at-
tempt to avail themselves of any remedy.   Their interven-

1. TAXATION: re-  tion is not based upon sections 1417 or 1446
fund: statutes.   of the Code; these being the sections corres-
ponding to sections 870 and 899 of the Code of 1873.   It is
conceded that such sections apply only to actions against
the county.   *Hawkeye Loan & Brok. Co. v. Marion,* 110
Iowa, 468.

The effect of the payment of the taxes to the treasurer

2. SAME: special  was to render the treasurer liable to the holder
assessments:  of the certificates for the amount so paid.
payment: ef-
fect.   Back of the certificate holders in this case was
the city of Emmetsburg, which was liable to the contractor
for the contract price of the sewer construction.   *First Nat.
Bank of Red Oak v. City of Emmetsburg,* 157 Iowa —.

The effect of the payment of the assessments by the in-
terveners to the treasurer was to reduce to that extent the

liability of the city to the contractor and his

3. SAME: recov-  assignee.   Can such taxpayers now appear in
ery by con-
tractor: inter-  this action and forbid the county treasurer to
vention by
taxpayer.   pay to the plaintiff, as assignee of the con-
tractor, the money which was paid to the treasurer for that
very purpose?   We think not.   The question is quite con-
trolled by the cases of *Dittoe v. City of Davenport,* 74 Iowa,
66, and *Newcomb v. City of Davenport,* 86 Iowa, 291.   Those
cases involved independent actions brought to recover back
taxes paid under protest on the ground that their assess-

ment was void; it having been held in a previous case that the statute or ordinance, under which they had been assessed, was unconstitutional. *Trustees of Griswold College v. City of Davenport*, 65 Iowa, 633.

The case last cited was an injunction proceeding, and the collection of the tax was enjoined at the suit of the plaintiff. In the *Newcomb* case, *supra*, it is said in the opinion that, "were this a like proceeding, a like judgment would of course result"; but a recovery as for taxes paid under protest was refused in both of the cited cases. Interveners rely upon *Winzer v. City of Burlington*, 68 Iowa, 279, and *Thomas v. City of Burlington*, 69 Iowa, 140, wherein actions to recover back taxes illegally assessed and paid under protest were sustained. It is not easy to harmonize these cases with the later cases. It does appear, however, in the Burlington cases, that the taxes complained of were assessed against lands which were in no manner liable to assessment for such taxes. The illegality went, not to the procedure by which the assessment was ordered made, but it went to the right of the city to order an assessment by any procedure whatever. For the purpose of the case before us, it is not important that we harmonize these cases with the later holdings. The facts in the case before us bear more strongly against the interveners and in favor of the plaintiff than do the facts in any of the cases here cited. In the cited cases the action was brought, not against the treasurer, but against the city, both as the wrongdoer and as the recipient and beneficiary of the illegal tax.

In the case before us the interveners' action is against the treasurer and against the plaintiff as certificate holders. Neither of these parties is in any manner responsible for the illegal levy. The payment of the tax into the hands of the treasurer operated to that extent to discharge the obligation of the city of Emmetsburg to the sewer contractor to cause valid assessments to be made. To permit the interveners now to recover back the money paid would be to take it from

the contractor and his assignee after their remedy is lost against the city by previous recovery of balance due. Whether the interveners could litigate the question with the city as the beneficiary of the alleged illegal tax is a somewhat different question. Considerable argument has been devoted to the question of the extent to which the case of *Bennett v. City of Emmetsburg,* 138 Iowa, 67, has been overruled by our later cases. *Clifton Land Co. v. Des Moines,* 144 Iowa, 625; *Collins v. Keokuk,* 147 Iowa, 233. In the view we take of the case we have no occasion to go into that question.

For the reasons indicated, we think the trial court ruled properly in dismissing the petition of intervention, and its judgment is accordingly *Affirmed.*

DEEMER, J., took no part.