R. S. BUTLER, Appellant, v. WILLIAM H. COTTON et al., Appellees.

No. 46347.

NOVEMBER 16, 1943.

Parrish, Guthrie, Colflesh & O'Brien, Sam Abramson, and Bradshaw, Fowler, Proctor & Fairgrave, all of Des Moines, for appellant.

Bruce J. Flick, Herrick, Sloan & Langdon, Francis J. Kuble, and James P. Irish, all of Des Moines, for appellees.

GARFIELD, J.—Plaintiff's three parcels of realty, which we will call tracts 1, 2, and 3, in the city of Des Moines, Polk county, were assessed for taxation for 1937. Plaintiff did not protest to the local board of review from the assessment on tract 1 but paid the 1937 taxes on the original valuation in two installments, in April and October 1938. Plaintiff did protest his assessment on tracts 2 and 3 to the local board of review and appealed from its adverse decision to the district court. On July 8 and September 29, 1938, consent decrees were entered in the district court in the tax appeals reducing the assessments on tracts 2 and 3. The valuation of tract 2 was reduced from $20,455 to $19,000, and on tract 3 from $76,771 to $74,742.

In the meantime, on April 22, 1938, plaintiff had paid the first half of the taxes against tracts 2 and 3 on the original valuations. On October 15, 1938, plaintiff paid the second half of the taxes on the valuations as reduced in the tax-appeal cases and was given credit for the overpayment by him on the first half. In other words, the total taxes for 1937 paid on tracts 2 and 3 were on the valuations as reduced upon appeal.

In September 1937, the state board of assessment and review, now the state tax commission, ordered the local board of review of Des Moines to make certain blanket or percentage changes in the 1937 assessments in various zones or taxing districts in the city, including the districts in which plaintiff's tracts were located. In other words, the local board was ordered to modify the assessed valuation of property in a district or subdistrict by a designated percentage, to be applied throughout such area. The local board refused to comply with the order of the state board until after a decree of mandamus was entered on July 6, 1939, pursuant to our opinion in State ex rel. Iowa State Board v. Local Board of Review, 225 Iowa 855, 283 N. W. 87. On August 1, 1939, the local board finally approved these blanket changes in the various districts in conformity with the order of the state board.

These blanket changes, when applied to the valuations on plaintiff's tracts, lowered the valuation on tract 1 from $345,070 to $327,260, a reduction of $17,810; on tract 2 from $19,000 to $17,836, a difference of $1,164; and on tract 3 from $74,742 to $66,939, a reduction of $7,803. The higher of the two figures

given for tracts 2 and 3 is the valuation on that tract as fixed by the district court in the tax appeals.

If plaintiff's taxes had been computed on valuations as finally corrected in 1939, they would have been reduced $978.55 on tract 1, $63.95 on tract 2, and $428.73 on tract 3. To this extent plaintiff claims the 1937 taxes paid by him were "erroneously or illegally exacted or paid" and should be refunded him. Plaintiff filed petitions with defendant board of supervisors asking for such refunds which were "disallowed" on March 11, 1941.

It will be noticed that plaintiff paid his 1937 taxes during the pendency of the case of State ex rel. Iowa State Board v. Local Board of Review, supra. All of plaintiff's tax receipts, at plaintiff's request,. were stamped by a deputy county treasurer "Paid under protest."

I. Plaintiff's case is bottomed on section 7235, Codes, 1935 and 1939:

"The board of supervisors shall direct the treasurer to refund to the taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid * * *."

In Insurance Exchange Bldg. v. Board, 231 Iowa 133, 300 N. W. 717, and Home Owners' Loan Corp. v. Polk County, 231 Iowa 661, 1 N. W. 2d 742, we decided the identical question involved here. We there held that taxes paid on the original 1937 assessments in Des Moines before they were amended pursuant to our decision in State v. Local Board, supra, were not erroneously or illegally exacted or paid, and that a taxpayer is not entitled to a refund because of the reduction in valuation in 1939 pursuant to the order of the state board; that the original valuations and taxes computed thereon were merely excessive, for which the taxpayer's exclusive remedy, according to numerous of our decisions, was by protest to the local board of review and appeal to the district court.

The controlling facts in the Insurance Exchange and HOLC cases are identical with those now before us insofar as tract 1 is involved. As to tracts 2 and 3, plaintiff did pursue his "administrative remedy" by protest to the local board and appeal

to the district court, where he obtained some relief by decrees entered pursuant to agreement of the parties. He then paid his taxes in the reduced amounts. Clearly, plaintiff has no better claim here as to tracts 2 and 3 than as to tract 1, and the Insurance Exchange and HOLC opinions are decisive of the entire case.

The fact that at plaintiff's direction the tax receipts were marked "Paid under protest" is of no avail to plaintiff. A similar situation existed in both the Insurance Exchange and HOLC cases. Plaintiff cannot prevail unless his taxes were erroneously or illegally exacted or paid. The notation on the tax receipts did not make the taxes erroneous or illegal nor confer any right on plaintiff which he did not otherwise have.

Plaintiff argues that the Insurance Exchange and HOLC cases are unsound and should be overruled. The Insurance Exchange decision is a unanimous one as the court was constituted two years ago. It was reached after thorough consideration. In the HOLC case it was contended we were in error in our Insurance Exchange decision. We again carefully considered the question presented and adhered to the same view. We now reaffirm the cited decisions and again hold that the portion of the taxes sought to be recovered was not erroneously or illegally exacted or paid within the meaning of Code section 7235.

II. Plaintiff contends the original valuations and the tax computed thereon were not only erroneous and illegal within the purview of section 7235, but were also unconstitutional and void, in violation of the due-process and equal-protection provisions of the Fourteenth Amendment to the Constitution of the United States and of the due-process, uniformity, and equality provisions of our State Constitution [Article I, sections 6 and 9]. If the conclusion reached in Division I is sound, plaintiff has been deprived of no constitutional right. If, as we have held, the assessments and tax computed thereon were not erroneous or illegal, but merely excessive, for which plaintiff's administrative remedy was adequate, it cannot be claimed that the assessments or any part of the tax were unconstitutional or void. Somewhat in point is Security Tr. & Sav. Bk. v. Mitts, 220 Iowa 271, 286, 287, 261 N. W. 625.

We have considered all questions argued. The foregoing is decisive of the case. The decree below is—Affirmed.

BLISS, OLIVER, HALE, WENNERSTRUM, SMITH, and MANTZ, JJ., concur.

MULRONEY, C. J., takes no part.

MILLER, J., dissents for the reasons stated in his dissent in the HOLC case, supra.