JEWETT REALTY COMPANY, Appellee, v. BOARD OF SUPERVISORS OF POLK COUNTY et al., original Appellants, and MARK L. CONKLING et al., substituted Appellants.

No. 47265.

(Reported in 33 N. W. 2d 377)

AUGUST 2, 1948.

Frank B. Hallagan and Herrick, Sloan & Langdon, all of Des Moines, for appellants.

C. S. Missildine and H. Pierce Witmer, both of Des Moines, for appellee.

GARFIELD, J.—The question presented is whether certain taxes were "erroneously or illegally exacted or paid" so as to

entitle plaintiff to a refund thereof under section 445.60, Code, 1946.

In July 1937 the city council of Des Moines, acting as the local board of review, ordered certain blanket increases and decreases of valuations of property, by districts in the city, for purposes of taxation. Plaintiff's properties here involved were in districts where the board purported to decrease the valuations. In September 1937 the State Board of Assessment and Review, now the State Tax Commission, found the action of the local board was arbitrary and discriminatory and ordered it to eliminate such blanket changes in valuations. The local board refused to comply with the order of the state board.

An action of mandamus was then brought against the local board to compel compliance with the order of the state board. The trial court denied relief but we reversed the decision. State ex rel. Iowa State Board v. Local Board of Review, 225 Iowa 855, 283 N. W. 87. On July 6, 1939 the lower court entered a decree pursuant to our opinion directing the local board to comply with the order of the state board. On or about August 1, 1939, after notice to all taxpayers in the city, the local board finally complied with such order by eliminating the blanket changes previously made by it in July 1937. Notice of this action was given taxpayers, who were given until October 17, 1939 to file protests. Plaintiff filed no protest.

In March 1940 the county auditor made the corrections on the tax books in his office and in the office of the county treasurer, "conforming the books to the order of the state board" and the belated action of the local board pursuant thereto. When the tax books were so corrected they showed additional taxes for 1937 and 1938 against plaintiff's property of $234.20.

In the meantime, during the pendency of the litigation between the state board and the local board or shortly thereafter, plaintiff paid the amounts then showed by the tax books assessed against his property for 1937 and 1938. This was done in instalments in May and October 1938 and in April and November 1939. The totals so paid were the taxes computed on the valuations after the blanket reductions were made by the local board in July 1937 or $234.20 less than the taxes would have been if such reductions had not been made.

On July 30, 1940 plaintiff paid the $234.20 placed on the tax books the preceding March. This is the payment for which the refund was sought herein and decreed by the trial court, who has certified "the cause is one in which appeal should be allowed." (See Rule 333, Rules of Civil Procedure.)

Plaintiff's main reliance, on which the decision below seems largely based, is Des Moines Elevator Co. v. Greenwalt, 231 Iowa 1062, 3 N. W. 2d 150, where we enjoined a tax sale of property for nonpayment of the increase in tax due to the change in valuations pursuant to the order of the state board made in September 1937. The case holds that one who had not paid such tax increase could not be compelled to do so.

First Nat. Bk. v. Hayes, 186 Iowa 892, 896, 171 N. W. 715, also relied upon by plaintiff and quoted from in the Des Moines Elevator case, was an appeal from an assessment of shares of stock in a national bank. There the county auditor, pursuant to what are now Code sections 443.6 to 443.10, had corrected a mistake of the assessor by increasing the tax, not only for the then current year but also for four preceding years after the taxes therefor had been paid. We held this statute conferred no power on the auditor to make such retroactive corrections. The increased amounts for the preceding years had not been paid and, as in the Des Moines Elevator case, the right to a refund was not considered.

Plaintiff argues that the collection of the tax increase would not have been enjoined in the Des Moines Elevator case unless such increase were illegal within the meaning of section 445.60. It is true that injunction will not ordinarily issue against the collection of a tax unless the tax is void. Mere irregularity in the levy of a tax does not, as a rule, justify injunctive relief. Bradley v. Appanoose County, 199 Iowa 317, 319, 200 N. W. 216; First Nat. Bk. v. Anderson, 196 Iowa 587, 604, 192 N. W. 6; Collins v. City of Keokuk, 118 Iowa 30, 33–35, 91 N. W. 791. If we were to confine our consideration of the authorities to the Des Moines Elevator case, we might well conclude the tax for which this refund is sought was illegally exacted, although the case does not directly so hold and there is nothing in the opinion directly to that effect.

Three actions of this kind for refund of 1937 taxes in Polk county have come before us. Insurance Exchange Bldg. v. Board of Supvrs., 231 Iowa 133, 300 N. W. 717; Home Owners Loan Corp. v. Polk County, 231 Iowa 661, 1 N. W. 2d 742; Butler v. Cotton, 233 Iowa 1311, 11 N. W. 2d 686. The tax involved in each of those cases was on property in districts where the local board originally increased the valuations. These increases were ultimately eliminated, pursuant to the order of the state board and our decision reported in State ex rel. Iowa State Board v. Local Board of Review, 225 Iowa 855, 283 N. W. 87. In the meantime, during the pendency of the litigation between the two boards, in the cited cases the owners had paid the tax on the increased, excessive valuation. Refund was sought of the excess tax. In each case recovery was denied on the ground the increased valuations (ultimately reduced) and the taxes computed thereon were merely excessive, not illegal, for which the taxpayer's exclusive remedy, according to numerous of our decisions, was by protest to the local board of review and appeal to the district court.

It is plain the taxpayer in each of the three cases last cited had a much stronger claim in equity and good conscience than plaintiff has here. There each property owner had paid a tax on a valuation eventually found to be excessive. Yet a refund of the excess tax was denied. Here plaintiff originally paid taxes on a reduced valuation arbitrarily made by the local board. This reduction was objected to by the state board which was upheld by this court and the valuations were then fixed in the amounts that should have been arrived at in the first instance. The elimination of the reduction in valuation led to the correction of the tax books to show the additional tax which plaintiff paid and now seeks to have refunded.

The total tax paid by plaintiff here was not, as in the Insurance Exchange, HOLC and Butler cases, on an excessive valuation but on a correct valuation. Plaintiff paid no more taxes than should have been paid. It would be most unjust and inequitable to compel a refund to this plaintiff after having denied relief in the other three Polk county refund cases.

The effect of those three decisions is that the blanket increases in valuations arbitrarily made by the local board did

not make taxes computed thereon illegal but merely excessive and the owner's exclusive remedy was to protest to the local board and appeal to the district court. We think there is even less basis for us now to hold that a tax is illegal which is computed on correct valuations directed to be entered by the state board and by our decision and later paid. If there be any inconsistency between the Des Moines Elevator decision and the three Polk county refund cases we prefer to adhere to the refund cases.

 Griswold Land & Credit Co. v. County of Calhoun, 198 Iowa 1240, 1245, 201 N. W. 11, carefully considers the meaning of "erroneously or illegally exacted or paid" as used in what is now section 445.60. The rule there laid down from a consideration of our prior decisions is that a tax is erroneous or illegal so that a refund may be enforced when: (1) the tax is levied without statutory authority or (2) upon property not subject to taxation or (3) by some officer or officers having no authority to levy the same or (4) in some other similar respect illegal. See, also, Cedar Rapids Hotel Co. v. Stirm, 222 Iowa 206, 268 N. W. 562, where most of our previous decisions are analyzed and the rule laid down by the Griswold case is quoted, and annotation 110 A. L. R. 670; annotation 93 A. L. R. 585.

A careful analysis of nearly all our opinions on the question here involved and related matters appears in 26 Iowa L. Rev. 722, 747–752, entitled "Judicial Review of Tax Assessments in Iowa" by Robert B. Throckmorton. These conclusions of the author are fully justified by our decisions:

"* * * the Iowa Court has usually held that the failure of a tax official to comply with the statutes upon which his authority is based makes his acts merely irregular rather than unlawful. * * *

"Usually, variations from statutory requirements as to the method of assessment have been considered as errors only * * *.

"A comparison of the *Griswold* rule and the void tax cases with the decisions in which taxes have been regarded as erroneous or irregular confirms the observation that the emphasis of the Iowa Supreme Court has been toward requiring administra-

994

tive review of assessment errors in all possible cases, as a condition precedent to judicial review."

■ We find no illegality here upon which to compel a refund of the additional tax placed on the books as a result of the correction of valuations and subsequently paid by plaintiff. The delay in entering the tax on the correct valuations was an irregularity at most.

In support of our conclusion see, in addition to the Insurance Exchange, HOLC and Butler cases, supra, Cedar Rapids Hotel Co. v. Stirm, supra, 222 Iowa 206, 268 N. W. 562, where we denied a refund of any part of taxes paid on a valuation subsequently found to be excessive by the state board because an incorrect percentage of depreciation was allowed; Kehe v. Blackhawk County, 125 Iowa 549, 553, 554, 101 N. W. 281, 282, 283, where a refund was denied of taxes although collection of a large part thereof could not, when paid, have been enforced because of the statute of limitations. This language from the opinion is applicable here:

"Plaintiff and his wife at all times owed these taxes; their property was wrongfully withheld from taxation; but, by reason of the delay of the county official, there was no legal remedy for their collection. Is section 1417 [now 445.60] broad enough to permit one who has so paid taxes a right of recovery? * * *

"The demand may have been for more than could have been collected, but not for more than plaintiff might recognize his obligation to pay; and, when he did voluntarily appear and pay, he did nothing more than discharge a just, although uncollectible obligation."

■ The fact that receipts for the taxes for which refund is sought herein were marked "paid under protest" is of no avail to plaintiff. Refund cannot be compelled unless the taxes were erroneously or illegally exacted or paid. The notation on the receipts did not make the taxes erroneous or illegal nor confer any right on plaintiff it did not otherwise have. Butler v. Cotton, 233 Iowa 1311, 1314, 11 N. W. 2d 686, 687, and citations. See, also, Newcomb v. City of Davenport, 86 Iowa 291, 293, 294, 53 N. W. 232; annotation 64 A. L. R. 9, 26.

 Likewise, the defense that plaintiff cannot recover because the tax was voluntarily paid is of no avail. If the tax were illegal, plaintiff would be entitled to a refund thereof under section 445.60 even though payment was voluntary. Charles Hewitt & Sons Co. v. Keller, 223 Iowa 1372, 1378, 1379, 275 N. W. 94, and citations; Cedar Rapids Hotel Co. v. Stirm, supra, 222 Iowa 206, 215, 268 N. W. 562; Commercial Nat. Bk. v. Board of Supervisors, 168 Iowa 501, 504, 150 N. W. 704, Ann. Cas. 1916C, 227.—Reversed.

All JUSTICES concur.